1   Shaun Setareh (SBN 204514)
      shaun@setarehlaw.com
2   Thomas Segal (SBN 222791)
      thomas@setarehlaw.com
3   Farrah Grant (SBN 293898)
      farrah@setarehlaw.com
4   SETAREH LAW GROUP
    9665 Wilshire Blvd., Suite 430
5   Beverly Hills, California 90212
    Telephone (310) 888-7771
6   Facsimile (310) 888-0109

7   Attorneys for Plaintiff
    FERNANDO GOMEZ

8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11

12  FERNANDO GOMEZ, on behalf of himself,        Case No. 3:21-cv-03860-MMC
    all others similarly situated, and the general
13  public,                                       **CLASS ACTION**

14             *Plaintiff,*                        **SECOND AMENDED COMPLAINT**

15      vs.                                        1.  Failure to Provide Meal Periods (Lab. Code
                                                       §§ 204, 223, 226.7, 512 and 1198);
16  ELITE LABOR SERVICES WEEKLYS,                 2.  Failure to Provide Rest Periods (Lab. Code
    LTD, an Illinois corporation; ELITE               §§ 204, 223, 226.7 and 1198);
17  STAFFING, INC., an Illinois corporation;      3.  Failure to Pay Hourly Wages (Lab. Code §§
    SOUTHLAND EMPLOYMENT SERVICES,                    223, 510, 1194, 1194.2, 1197, 1997.1 and
18  INC., a California corporation; and DOES 1        1198);
    through 50, inclusive,                        4.  Failure to Pay Vacation Wages (Lab. Code
19                                                     § 227.3);
               *Defendants.*                       5.  Failure to Pay Sick Time (Lab. Code §§ 246
20                                                     *et seq.*);
                                                  6.  Failure to Indemnify (Lab. Code § 2802);
21                                                7.  Failure to Provide Accurate Written Wage
                                                     Statements (Lab. Code §§ 226(a));
22                                                8.  Failure to Timely Pay All Final Wages
                                                     (Lab. Code §§ 201, 202 and 203);
23                                                9.  Failure to Pay Wages Without Discount
                                                     (Lab. Code § 212);
24                                                10. Unfair Competition (Bus. & Prof. Code §§
                                                     17200 *et seq.*);
25                                                11. Civil Penalties (Lab. Code §§ 2698 *et seq.*);
26
                                                  **JURY TRIAL DEMANDED**
27

28

SECOND AMENDED CLASS ACTION COMPLAINT

COMES NOW, Plaintiff FERNANDO GOMEZ ("Plaintiff"), on behalf of himself, all others similarly situated, and the general public, complains and alleges as follows:

## **INTRODUCTION**

1.      Plaintiff brings this class action against Defendants ELITE LABOR SERVICES WEEKLYS, LTD, an Illinois corporation; ELITE STAFFING, INC., an Illinois corporation; SOUTHLAND EMPLOYMENT SERVICES, a California corporation; and DOES 1 through 50, inclusive (collectively referred to as "Defendants") for alleged violations of the Labor Code and Business and Professions Code.  As set forth below, Plaintiff alleges that Defendants have

(1)      failed to timely provide him and all other putative class members with meal periods;

(2)      failed to provide them with rest periods;

(3)      failed to pay them premium wages for missed meal and/or rest periods;

(4)      failed to pay them premium wages for missed meal and/or rest periods at the regular rate of pay;

(5)      failed to pay them at least minimum wage for all hours worked;

(6)      failed to pay them overtime wages at the correct rate;

(7)      failed to pay them double time wages at the correct rate;

(8)      failed to pay them overtime and/or double time wages by failing to include all applicable remuneration in calculating the regular rate of pay;

(9)      failed to pay them for all vested vacation pay;

(10)      failed to reimburse them for all necessary business expenses;

(11)      failed to provide them with accurate written wage statements; and

(12)      failed to pay them all of their final wages following separation of employment.

Based on these alleged Labor Code violations, Plaintiff now brings this class and representative action to recover unpaid wages, restitution and related relief on behalf of himself, all others similarly situated, and the general public.

**JURISDICTION AND VENUE**

2.      Defendant removed this case to federal court asserting jurisdiction under 28 U.S.C. Sections 1332, 1441(a) and 1446.

**PARTIES**

3.      Plaintiff FERNANDO GOMEZ is, and at all relevant times mentioned herein, an individual residing in the State of California.

4.      Plaintiff is informed and believes, and thereupon alleges that Defendant ELITE LABOR SERVICES WEEKLYS, LTD, is, and at all relevant times mentioned herein, an Illinois corporation doing business in the State of California.

5.      Plaintiff is informed and believes, and thereupon alleges that Defendant ELITE STAFFING, INC., is, and at all relevant times mentioned herein, an Illinois corporation doing business in the State of California.

6.      Plaintiff is informed and believes, and thereupon alleges that Defendant SOUTHLAND EMPLOYMENT SERVICES, INC., is, and at all relevant times mentioned herein, a California corporation.

7.      Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants when ascertained.  Plaintiff is informed and believes, and thereupon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these defendants, and each of them.  Plaintiff will amend this complaint to allege both the true names and capacities of the DOE defendants when ascertained.

8.      Plaintiff is informed and believes, and thereupon alleges that, at all relevant times mentioned herein, some or all of the defendants were the representatives, agents, employees, partners, directors, associates, joint venturers, principals or co-participants of some or all of the other defendants, and in doing the things alleged herein, were acting within the course and scope of such relationship and with the full knowledge, consent and ratification by such other defendants.

9.      Plaintiff is informed and believes, and thereupon alleges that, at all relevant times mentioned herein, some of the defendants pursued a common course of conduct, acted in concert and conspired with one another, and aided and abetted one another to accomplish the occurrences, acts and omissions alleged herein.

## CLASS ALLEGATIONS

10.      This action has been brought and may be maintained as a class action pursuant to Federal Rules of Civil Procedure 23 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

11.      **Relevant Time Period**:  The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

**Hourly Employee Class**:  All persons employed by Defendants either directly or indirectly through staffing agencies at any of Defendants' facilities in hourly or non-exempt positions in California during the **Relevant Time Period**.

**Meal Period Sub-Class**:  All **Hourly Employee Class** members who worked in a shift in excess of five hours during the **Relevant Time Period**.

**Rest Period Sub-Class**:  All **Hourly Employee Class** members who worked a shift of at least three and one-half (3.5) hours during the **Relevant Time Period**.

**Wage Statement Penalties Sub-Class**:  All **Hourly Employee Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

**Waiting Time Penalties Sub-Class**:  All **Hourly Employee Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**UCL Class**:  All **Hourly Employee Class** members employed by Defendants in California during the **Relevant Time Period**.

**Expense Reimbursement Class:**  All persons employed by Defendants in California who incurred business expenses during the **Relevant Time Period**.

**Vacation Pay Class**:  All persons employed by Defendants in California who earned paid vacation days, including but not limited to, "Floating Holidays," without receiving compensation for each vested paid vacation day during the **Relevant Time Period**.

**Pay Card Class**:  All persons employed by Defendants in California who were paid their wages with a pay card and were not paid all earned wages during the **Relevant Time Period**.

**Sick Pay Class:** All persons employed by Defendants in California who earned paid sick days, without receiving compensation for each vested paid sick day while employed during the **Relevant Time Period.**

12.    **Reservation of Rights**: Pursuant to Federal Rules of Civil Procedure 23, Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into sub-classes and/or by limitation to particular issues.

13.    **Numerosity**: The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number exceeds the minimum required for numerosity under California law.

14.    **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These common questions include, but are not limited to:

A.    Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

B.    Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

C.    Whether Defendants failed to pay premium wages to class members when they have not been provided with required meal and/or rest periods;

D.    Whether Defendants failed to pay minimum and/or overtime wages to class members as a result of policies that fail to provide meal periods in accordance with California law;

E.    Whether Defendants failed to pay minimum and/or overtime wages to class members for all time worked;

F.    Whether Defendants used payroll formulas that systematically fail to account for non-discretionary bonuses and/or other applicable remuneration when calculating regular rates of pay for class members;

G.    Whether Defendants failed to pay overtime wages to class members as a result of incorrectly calculating their regular rates of pay;

H.     Whether Defendants failed to pay premium wages to class members based on their respective "regular rates of compensation" by not including commissions and/or other applicable remuneration in calculating the rates at which those wages are paid;

I.      Whether Defendants failed to provide proportionate accruals for vested vacation time for class members as required by California law;

J.      Whether Defendants subjected the vacation time and/or floating holidays they offer to class members to forfeiture;

K.     Whether Defendants failed to provide compensation to class members for all accrued and unused sick days.

L.      Whether Defendants failed to reimburse class members for all necessary business expenses incurred during the discharge of their duties;

M.    Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

N.     Whether Defendants failed to pay class members all wages without discount;

O.     Whether Defendants used pay cards to pay class members;

P.      Whether class members incurred fees in cashing pay cards;

Q.     Whether class members have been able to redeem pay cards for their full cash value;

R.     Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

S.      Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203;

T.      Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition;

15.    **Typicality:**  Plaintiff's claims are typical of the other class members' claims.

1  Plaintiff is informed and believes and thereupon alleges that Defendants have a policy or practice of

2  failing to comply with the Labor Code and Business and Professions Code as alleged in this

3  Complaint.

4      16.    **Adequacy of Class Representative:**  Plaintiff is an adequate class representative in

5  that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class

6  members and is dedicated to vigorously prosecuting this action on their behalf.  Plaintiff will fairly

7  and adequately represent and protect the interests of the other class members.

8      17.    **Adequacy of Class Counsel:**  Plaintiff's counsel are adequate class counsel in that

9  they have no known conflicts of interest with Plaintiff or absent class members, are experienced in

10  wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on

11  behalf of Plaintiff and absent class members.

12      18.    **Superiority:**  A class action is vastly superior to other available means for fair and

13  efficient adjudication of the class members' claims and would be beneficial to the parties and the

14  Court.  Class action treatment will allow a number of similarly situated persons to simultaneously

15  and efficiently prosecute their common claims in a single forum without the unnecessary

16  duplication of effort and expense that numerous individual actions would entail.  In addition, the

17  monetary amounts due to many individual class members are likely to be relatively small and would

18  thus make I difficult, if not impossible, for individual class members to both seek and obtain relief.

19  Moreover, a class action will serve an important public interest by permitting class members to

20  effectively pursue the recovery of monies owed to them.  Further, a class action will prevent the

21  potential for inconsistent or contradictory judgments inherent in individual litigation.

22                          **GENERAL ALLEGATIONS**

23      19.    Plaintiff worked for Defendants as a non-exempt, hourly employee from

24  approximately December 6, 2018 through February 24, 2019. Plaintiff initially worked for

25  Defendants in California as a Dock Worker and later her worked for Defendants in California as a

26  Forklift Operator. Plaintiff's job duties as a Dock Worker included palatizing, racking and labeling

27  items. Plaintiff's job duties as a Forklift Operator included picking up items on order lists, placing

28  items on palates, and moving items to get racked. Plaintiff often worked from approximately 9am to

6pm on Mondays through Fridays, and sometimes also worked for Defendants on the weekends. Plaintiff sometimes worked over 40 hours a week and over 8 hours a day. Due to the high volume of work that functionally resulted in employees facing intense pressure to complete their work in a manner acceptable to Defendants, Plaintiff often had to work through his meal break or take his meal break after the fifth hour worked. Defendants did not provide Plaintiff with meal period premium pay on the many instances that he was not provided with a meal break before the fifth hour worked and/or a 30 minute uninterrupted meal break. Due to the high volume of work that functionally resulted in employees facing intense pressure to complete their work in a manner acceptable to Defendants, Plaintiff almost always had to work through his rest breaks. Defendants did not provide Plaintiff with rest period premium pay on the many instances that he was not provided with a 10 minute uninterrupted rest break. Plaintiff was not reimbursed for the steel-toed boots he was required to purchase by Defendants as a necessary precondition of employment. Plaintiff was not paid for off-the-clock work his supervisor asked him to complete after he clocked out. Plaintiff was required to work off-the-clock after clocking out for periods lasting up to 20 minutes. Defendants failed to provide Plaintiff with any wage statements. Plaintiff was not able to access his wage statements online. Defendants provided Plaintiff's wages on pay cards.

**Late Meal Periods**

20.     Plaintiff and the putative class were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of requiring employees to finish the tasks assigned to them at hand prior to clocking out for their meal periods; (2) providing employees with a high volume of work that functionally resulted in employees facing intense pressure to complete their work in a manner acceptable to Defendants; (3) an overall work atmosphere that prioritized ensuring that employees complete their given tasks over employees taking their meal periods withing the statutorily required time frames.

21.     As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to work through their meal periods in order to complete their assignments on

1    time.

2    **Rest Periods**

3        22.    Plaintiff and the putative class were not provided with rest periods of at least ten

4    (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) The high

5    volume of work assigned to employees that made it impossible to complete tasks in a timely

6    manner during the time allotted for their scheduled shifts in a way that acceptable to Defendants;

7    (2) placing intense pressure on employees to finish all tasks assigned to them during their shifts;

8    (3) imposing so much work on each employee such that it made it unlikely that an employee would

9    be able to take their breaks if they wanted to finish their work on time; (4) Defendants policy that

10   employees were not allowed to leave the premises until all work assigned to them for the day was

11   completed; and (5) no formal written rest period policy that encouraged employees to take their

12   rest periods.

13       23.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not

14   provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked

15   due to complying with Defendants' productivity requirements that required Plaintiff and the

16   putative class to work through their rest periods in order to complete their assignments on time.

17   **Vacation Pay**

18       24.    Plaintiff and the putative class accrued vacation wages during their employment with

19   Defendants.

20       25.    Under California law, vacation wages are considered a form of wages under Labor

21   Code section 200.  Vested vacation pay and other similar forms of paid time off earned based on

22   labor performed are considered wages that cannot be subject to forfeiture without compensation for

23   forfeited days at the applicable rates required by law.

24       26.    At all relevant times, Defendants maintained policies that provide for the unlawful

25   forfeiture of vested vacation pay in violation of Labor Code section 227.3 and *Suastez v. Plastic*

26   *Dress-Up Co.*, (1982) 31 Cal. 3d 774.

27       27.    Plaintiff and the putative class are entitled to vacation accrued during their

28   employment with Defendants.  Plaintiff and the putative class were not provided accrued vacation

time with Defendants.  Upon termination, Plaintiff and the putative class were not paid out all accrued vacation pay.

### Sick Time

28.    Beginning July 1, 2015, Defendants were obligated to provide all of its employees with paid sick days pursuant to Labor Code section 245, et seq.  Plaintiff and the putative class missed days from work due to permissible reasons as stated in Labor Code section 246.5. Defendants failed to pay Plaintiff and the putative class for missed days occasioned by one of the reasons permitted by law.

### Regular Rate of Pay

29.    The regular rate of pay under California law includes all remuneration for employment paid to, on behalf of, the employee. This requirement includes, but is not limited, to, commissions and non-discretionary bonuses.

30.    During the applicable limitations period, Defendants violated the rights of Plaintiff and the putative class under the above-referenced Labor Code sections by failing to pay them overtime wages for all overtime hours worked in violation of Labor Code §§ 510, 1194, and 1198 as a result of not correctly calculating their regular rate of pay to include all applicable remuneration, including, but not limited to meal and rest break premiums.

### Expense Reimbursement

31.    Plaintiff and the putative class were required to utilize their own personal tools to perform their job duties.  Specifically, Plaintiff and the putative class were required to purchase steel-toed boots at their own expense as a necessary precondition of employment.

32.    Plaintiff and the putative class were not reimbursed for business expenses incurred in purchasing the required steel-toed boots.

33.    Defendants failed to reimburse Plaintiff and the putative class  for such necessary business expenses incurred by them.

### Wage Statements

34.    Plaintiff and the putative class were not provided with accurate wage statements as mandated by law pursuant to Labor Code section 226.

35.     Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that: all hours worked, including overtime and meal/rest break premiums, were not included.

36.     Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that: all hours worked, including overtime and meal/rest break premiums, were not included.

37.     Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that: all hours worked, including overtime and meal/rest break premiums, were not included.

38.     Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that: all hours worked, including overtime and meal/rest break premiums, were not included.

**Pay Cards**

39.     Defendants paid wages to Plaintiff and the putative class on pre-loaded debit cards or "pay cards".

40.     Plaintiff and the putative class were caused to incur fees when they would attempt to use the pay cards, fees that were at no point reimbursed by Defendants.

41.     Plaintiff and the putative class were caused to incur fees when they would attempt to cash their pay cards, fees that at no point were reimbursed by Defendants.

**FIRST CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS**

**(Lab. Code §§ 004, 223, 226.7, 512 and 1198)**

**(Plaintiff and Meal Period Sub-Class)**

42.     Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully alleged herein.

43.     At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been non-exempt employees of Defendant entitled to the full meal period protections of both the Labor

1   Code and the applicable Industrial Welfare Commission Wage Order.

2       44.    Labor Code section 512 and Section 11 of the applicable Industrial Welfare

3   Commission Wage Order impose an affirmative obligation on employers to provide non-exempt

4   employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period

5   of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty

6   minutes for each work period of ten hours.

7       45.    Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare

8   Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to

9   work during required meal periods and require employers to pay non-exempt employees an hour of

10  premium wages on each workday that the employee is not provided with the required meal period.

11      46.    Compensation for missed meal periods constitutes wages within the meaning of

12  Labor Code section 200.

13      47.    Labor Code section 1198 makes it unlawful to employ a person under conditions that

14  violate the applicable Wage Order.

15      48.    Section 11 of the applicable Wage Order states:

16          "No employer shall employ any person for a work period of more than five (5) hours
            without a meal period of not less than 30 minutes, except that when a work period of
17          not more than six (6) hours will complete the day's work the meal period may be
            waived by mutual consent of the employer and employee.  Unless the employee is
18          relieved of all duty during a 30 minute meal period, the meal period shall be
            considered an 'on duty' meal period and counted as time worked.  An 'on duty' meal
19          period shall be permitted only when the nature of the work prevents an employee
            from being relieved of all duty and when by written agreement between the parties
20          an on-the-job paid meal period is agreed to.  The written agreement shall state that
            the employee may, in writing, revoke the agreement at any time."
21
22      49.    At all relevant times, Plaintiff was not subject to a valid on-duty meal period

23  agreement.  Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class**

    members were not subject to valid on-duty meal period agreements with Defendants.
24
25      50.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

26  Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-**

    **Class** members when they worked five (5) hours without clocking out for any meal period.
27
28      51.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with a second meal period when they worked shifts of ten or more hours and failed to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

52.    At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

53.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself and the **Meal Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and costs of suit.

54.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and the **Meal Period Sub-Class** members, seek to recover reasonable attorneys' fees.

<u>**SECOND CAUSE OF ACTION**</u>

**FAILURE TO PROVIDE REST PERIODS**

**(Lab. Code §§ 204, 223, 226.7 and 1198)**

**(Plaintiff and Rest Period Sub-Class)**

55.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

56.    At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the applicable Wage Order.

57.    Section 12 of the applicable Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major fraction thereof, that must be in the middle of each work period insofar as practicable.

58.    Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on

1    each workday that the employee is not provided with the required rest period(s).

2        59.    Compensation for missed rest periods constitutes wages within the meaning of Labor

3    Code section 200.

4        60.    Labor Code section 1198 makes it unlawful to employ a person under conditions that

5    violate the Wage Order.

6        61.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

7    Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class**

8    with net rest period of at least ten minutes for each four hour work period, or major fraction thereof,

9    as required by the applicable Wage Order.

10       62.    At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-**

11   **Class** members additional premium wages when required rest periods were not provided.

12       63.    Specifically, Defendants written policies do not provide that employees may take a

13   rest period for each four hours worked, or major fraction thereof, and that rest periods should be

14   taken in the middle of each work period insofar as practicable.

15       64.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself

16   and **Rest Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and

17   costs of suit.

18       65.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

19   substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

20   **Rest Period Sub-Class** members, seek to recover reasonable attorneys' fees.

21                    **THIRD CAUSE OF ACTION**

22           **FAILURE TO PAY HOURLY AND OVERTIME WAGES**

23              **(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

24                **(Plaintiff and Hourly Employee Class)**

25       66.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

26   herein.

27       67.    At all relevant times, Plaintiff and **Hourly Employee Class** members are or have

28   been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the

applicable Wage Order.

68.    Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of the employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

69.    Section 4 of the applicable Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

70.    Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Order.

71.    Labor Code section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

72.    Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Order for all hours worked during a payroll period.

73.    Labor Code section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

74.    Labor Code section 1198 makes it unlawful for employers to employ employees under conditions that violate the applicable Wage Order.

75.    Labor Code section 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

76.    Labor Code section 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

77.    Labor Code section 510 and Section 3 of the applicable Wage Order require

employees to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

78.     Labor Code section 510 and Section 3 of the applicable Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during the workweek.

79.     Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to him and **Hourly Employee Class** members with respect to working conditions and compensation arrangements.

80.     At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly Employee Class** members for all time worked, including but not limited to, overtime hours at statutory and/or agreed rates and meal/rest break premiums.

81.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Hourly Employee Class** members, seek to recover reasonable attorneys' fees.

<u>**FOURTH CAUSE OF ACTION**</u>

**FAILURE TO PAY VACATION WAGES**

**(Lab. Code § 227.3)**

**(Plaintiff and Vacation Pay Class)**

82.     Plaintiffs incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

83.     California Labor Code section 227.3 provides:

> Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy

> shall not provide for forfeiture of vested vacation time upon
> termination.  The Labor Commissioner or a designated representative,
> in the resolution of any dispute with regard to vested vacation time,
> shall apply the principles of equity and fairness.

84.    At all relevant times during the applicable limitations period, Plaintiffs and members of the **Vacation Pay Class** accrued vacation time during their employment with Defendants.

85.    As a result of their reimbursement policies and practices, Plaintiffs are informed and believe and thereon alleges that Defendants failed to reimburse him and **Vacation Pay Class** members for all accrued vacation wages.

86.    By reason of the above, Plaintiff and the members of the **Vacation Pay Class** are entitled to restitution for all unpaid amounts due and owing to within four years (4) of the date of the filing of the Complaint until the date of entry of judgment.

87.    Plaintiffs, on behalf of themselves and the members of the **Vacation Pay Class**, seeks interest thereon pursuant to California Labor Code section 218.6, costs pursuant to California Labor Code section 218.6, and reasonable attorneys' fees pursuant to California Code of Civil Procedure section 1021.5.

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE SICK PAY

### (Lab. Code §§ 245, et seq.)

### (By Plaintiff and Centerplate Sick Pay Sub-Class)

6.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

7.    Labor Code section 246(a)(1) states in pertinent part:

"An employee who, on or after July 1, 2015, works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days as specified in this section."

8.    Labor Code section 246(b)(1) states in pertinent part:

"An employee shall accrue paid sick days at the rate of not less than one hour per every 30 hours worked, beginning at the commencement of employment or the operate date of this article, whichever is later, subject to the use and accrual limitations set forth in this section."

9.     Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants have maintained a policy and practice of not paying **Sick Pay Class** members paid sick days as required by Labor Code § 245, et seq. during their employment when they were out due to covered reasons.

10.     By reason of the above, Plaintiff and the members of the **Sick Pay Class** are entitled to restitution for all unpaid amounts due and owing to within four years (4) of the date of the filing of the Complaint until the date of entry of judgment.

11.     Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Sick Pay Class** members, seeks to recover reasonable attorneys' fees.

## SIXTH CAUSE OF ACTION

### FAILURE TO INDEMNIFY

### (Lab. Code § 2802)

### (Plaintiff and Expense Reimbursement Class)

88.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

89.     Labor Code section 2802(a) states:

> "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

90.     At all relevant times during the applicable limitations period, Plaintiff and the **Expense Reimbursement Class** members incurred necessary business-related expenses and costs, including but not limited to, costs associated with purchasing steel-toed boots that were a necessary precondition of employment with Defendants.

91.     Plaintiff is informed and believes that, during the applicable limitations period, Defendants maintained a policy or practice of not reimbursing Plaintiff and **Expense Reimbursement Class** members for all necessary business expenses.

92.     Accordingly, Plaintiff and **Expense Reimbursement Class** members are entitled to

1  restitution for all unpaid amounts due and owing to within four years of the date of the filing of the

2  Complaint and until the date of entry of judgment.

3      93.    Plaintiff, on behalf of himself, and **Expense Reimbursement Class** members, seek

4  interest thereon and costs pursuant to Labor Code section 218.6, and reasonable attorneys' fees

5  pursuant to Code of Civil Procedure section 1021.5.

6                        **<u>SEVENTH CAUSE OF ACTION</u>**

7            **FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

8                              **(Lab. Code § 226)**

9                  **(Plaintiff and Wage Statement Penalties Sub-Class)**

10     94.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

11  herein.

12     95.    Labor Code section 226(a) states:

13         "An employer, semimonthly or at the time of each payment of wages, shall furnish to
14         his or her employee, either as a detachable part of the check, draft, or voucher paying
           the employee's wages, or separately if wages are paid by personal check or cash, an
15         accurate itemized statement in writing showing (1) gross wages earned, (2) total
           hours worked by the employee, except as provided in subdivision (j), (3) the number
16         of piece-rate units earned and any applicable piece rate if the employee is paid on a
           piece-rate basis, (4) all deductions, provided that all deductions made on written
17         orders of the employee may be aggregated and shown as one item, (5) net wages
           earned, (6) the inclusive dates of the period for which the employee is paid, (7) the
18         name of the employee and only the last four digits of his or her social security
           number or an employee identification number other than a social security number,
19         (8) the name and address of the legal entity that is the employer and, if the employer
           is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name
20         and address of the legal entity that secured the services of the employer, and (9) all
           applicable hourly rates in effect during the pay period and the corresponding number
21         of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if
           the employer is a temporary services employer as defined in Section 201.3, the rate
22         of pay and the total hours worked for each temporary services assignment.  The
           deductions made from payment of wages shall be recorded in ink or other indelible
23         form, properly dated, showing the month, day, and year, and a copy of the statement
           and the record of the deductions shall be kept on file by the employer for at least
24         three years at the place of employment or at a central location within the State of
           California.  For purposes of this subdivision, 'copy' includes a duplicate of the
25         itemized statement provided to an employee or a computer-generated record that
           accurately shows all of the information required by this subdivision."

26     96.    The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize

27  the "detachable part of the check" provision and the "accurate itemized statement in writing"

28  provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each

                                    18

1  employee retains the right to elect to receive a written paper stub or record and that those who are

2  provided with electronic wage statements retain the ability to easily access the information and

3  convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion

4  Letter July 6, 2006).

5      97.    Plaintiff is informed and believes that, at all relevant times during the applicable

6  limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class**

7  members with written wage statements as described above.

8      98.    Plaintiff is informed and believes that Defendants' failure to provide him and **Wage**

9  **Statement Penalties Sub-Class** members with accurate written wage statements were intentional in

10  that Defendants have the ability to provide them with accurate wage statements but have

11  intentionally provided them with written wage statements that Defendants have known do not

12  comply with Labor Code section 226(a).

13      99.    Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries,

14  in that Defendants have violated their legal rights to receive accurate wage statements and have

15  misled them about their actual rates of pay and wages earned.  In addition, inaccurate information

16  on their wage statements have prevented immediate challenges to Defendants' unlawful pay

17  practices, has required discovery and mathematical computations to determine the amount of wages

18  owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or

19  has led to the submission of inaccurate information about wages and deductions to federal and state

20  government agencies.

21      100.    Pursuant to Labor Code section 226(e), Plaintiff, on behalf of himself and **Wage**

22  **Statement Penalties Sub-Class** members, seek the greater of actual damages or $50.00 for the

23  initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each

24  subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an

25  aggregate penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees

26  and costs.

27  //

28  //

**EIGTH CAUSE OF ACTION**

**FAILURE TO TIMELY PAY ALL FINAL WAGES**

**(Lab. Code §§ 201-203)**

**(Plaintiff and Waiting Time Penalties Sub-Class)**

101.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

102.    At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

103.    At all relevant times, pursuant to Labor Code section 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

104.    At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving at least seventy-two (72) hours notice of resignation have been entitled to payment of all final wages at the time of resignation.

105.    At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving less than seventy-two (72) hours notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

106.    During the applicable limitations period, Defendants failed to pay Plaintiff all of his final wages in accordance with the Labor Code by failing to timely pay him all of his final wages.

107.    Plaintiff is informed and believes that, at all relevant time during the applicable limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class** members all of their final wages in accordance with the Labor Code.

108.    Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code sections 201 or 202 by failing to timely pay them all final wages.

109.    Plaintiff is informed and believes and thereupon alleges that Defendants' failure to timely pay all final wages to him and **Waiting Time Penalties Sub-Class** members have been

willful in that Defendants have the ability to pay final wages in accordance with Labor Code sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible with those requirements.

110.    Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seek waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

111.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seek awards of reasonable attorneys' fees and costs.

<u>**NINETH CAUSE OF ACTION**</u>

**FAILURE TO PAY WAGES WITHOUT DISCOUNT**

**(Lab. Code § 212)**

**(Plaintiff and Pay Card Class)**

112.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

113.    At all relevant times, Plaintiff and the **Pay Card Class** members have been entitled to the protections of Labor Code section 212 which states:

> "(a) No person, or agent or officer thereof, shall issue in payment of wages due, or to become due, or as an advance on wages to be earned:
>
> (1) Any order, check, draft, note, memorandum, or other acknowledgment of indebtedness, unless it is negotiable and payable in cash, on demand, without discount, at some established place of business in the state, the name and address of which must appear on the instrument, and at the time of its issuance and for a reasonable time thereafter, which must be at least 30 days, the maker or drawer has sufficient funds in, or credit, arrangement, or understanding with the drawee for its payment.
>
> (2) Any scrip, coupon, cards, or other thing redeemable, in merchandise or purporting to be payable or redeemable otherwise than in money."

114.    Defendants violated the Labor Code section 212 by issuing wages due in a non-negotiable manner which is not payable in cash at some place of business in the state without discount.

115.    At times during his employment, Defendants paid Plaintiff his wages on a "pay card"

or preloaded debit card.  Plaintiff incurred fees when attempting to use the pay card at various

business in California.  Plaintiff incurred fees when attempting to cash the pay card.

116.    Plaintiff was not given an itemized wage statement when paid with a pay card.

## TENTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200 *et seq.*)

### (Plaintiff and UCL Class)

117.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

herein.

118.    Business and Professions Code section 17200 defines "unfair competition" to

include any unlawful business practice.

119.    Business and Professions Code section 17203-17204 allow a person who has lost

money or property as a result of unfair competition to bring a class action in accordance with Code

of Civil Procedure section 382 to recover money or property that may have been acquired from

similarly situated persons by means of unfair competition.

120.    California law requires employers to pay hourly, non-exempt employees for all hours

they are permitted or suffered to work, including hours that the employer knows or reasonable

should know that employees have worked.

121.    Plaintiff and the **UCL Class** members re-alleges and incorporates the FIRST,

SECOND, THIRD, FOURTH, FIFTH, SIXTH, and NINETH causes of action herein.

122.    Plaintiff lost money or property as a result of the aforementioned unfair competition.

123.    Defendants have or may have acquired money by means of unfair competition.

124.    Plaintiff is informed and believes and thereupon alleges that by committing the

Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215,

216, 225, 226.6, 354, 408, 553, 1175, 1199 and 2802, which make it a misdemeanor to commit the

Labor Code violations alleged herein.

125.    Defendants have committed criminal conduct through their policies and practices of,

*inter alia*, failing to comport with their affirmative obligations as an employer to provide non-

exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five or more hours, by failing to pay non-exempt employees for all hours worked, and by failing to reimburse them for all expenses.]

126.    At all relevant times, Plaintiff and **UCL Class** members have been non-exempt employees and entitled to the full protections of both the Labor Code and the applicable Wage Order.

127.    Defendants' unlawful conduct as alleged in this Complaint amounts to and constitutes unfair competition within the meaning of Business and Professions Code section 17200 *et seq.* Business and Professions Code sections 17200 *et seq.* protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful or fraudulent business practice to seek restitution on his own behalf and on behalf of similarly situated persons in a class action proceeding.

128.    As a result of Defendants' violations of the Labor Code during the applicable limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or property as a result of Defendants' conduct.

129.    Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

130.    Due to the unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations.

131.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act violates or is considered unlawful under any other state or federal law.

132.    Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs request the issuance of temporary, preliminary and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek

an order permanently enjoining Defendants, and each of them, and their respective agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders.

133.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of himself and **UCL Class** members, seek declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

134.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

135.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of himself and **UCL Class** members, seek declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

136.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

## ELEVENTH CAUSE OF ACTION

### CIVIL PENALTIES

### (Lab. Code §§ 2698 *et seq.*)

137.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

138.    During the applicable limitations period, Defendants have violated Labor Code sections 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197, 1198 and 2802.

139.    Labor Code sections 2699(a) and (g) authorize an aggrieved employee, on behalf of himself and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures set forth in Labor Code section 2699.3 that may, but need not, be brought or maintained as a class action pursuant to Code of Civil Procedure section 382.

140.    Plaintiff, a former employee against who Defendants committed one or more of the alleged Labor Code violations during the applicable limitations period, is an aggrieved employee within the meaning of Labor Code section 2699(c).

141.    Plaintiff has complied with the procedures for bringing suit specified in Labor Code section 2699.3.

142.    Pursuant to Labor Code sections 2699(a) and (f), Plaintiff seeks the following civil penalties for Defendants' violations of Labor Code sections 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197, 1198 and 2802:

    A.    For violations of Labor Code sections 201, 202, 203, 212, 226.7, 227.3, 1194, 1198 and 2802, $100 for each employee per pay period for each initial violation and $200 for each employee per pay period for each subsequent violation (penalties set by Labor Code section 2699(f)(2));

    B.    For violations of Labor Code section 203, a penalty in an amount not exceeding thirty days pay as waiting time (penalties set by Labor Code section 256);

    C.    For violations of Labor Code section 204, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code section 210);

    D.    For violations of Labor Code section 223, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each

employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code section 225.5);

E.  For violations of Labor Code section 226(a), if this action is deemed to be an initial citation, $250 for each employee for each violation.  Alternatively, if an initial citation or its equivalent occurred before the filing of this action, $1,000 for each employee for each violation (penalties set by Labor Code section 226.3);

F.  For violation of Labor Code sections 510 and 512, $50 for each employee for each initial pay period for which the employee was underpaid, and $100 for each employee for each subsequent pay period for which the employee was underpaid (penalties set by Labor Code section 558);

G.  For violations of Labor Code section 1197, $100 for each aggrieved employee for each initial violation of Labor Code section 1197 that was intentional, and $250 for each aggrieved employee per pay period for each subsequent violation of Labor Code section 1197, regardless of whether the initial violation was intentional (penalties set by Labor Code section 1197.1);

H.  Pursuant to Labor Code section 2699(g), Plaintiff seeks award of reasonable attorneys' fees and costs in connection with his claims for civil penalties.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, and the general public, prays for relief and judgment against Defendants as follows:

(1)  An order that the action be certified as a class action;

(2)  An order that Plaintiff be appointed class representative;

(3)  An order that counsel for Plaintiff be appointed class counsel;

(4)  Unpaid wages;

(5)  Actual damages;

(6)  Liquidated damages;

(7)     Restitution;

(8)     Declaratory relief;

(9)     Pre-judgment interest;

(10)    Statutory penalties;

(11)    Civil penalties;

(12)    Costs of suit;

(13)    Reasonable attorneys' fees; and

(14)    Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself, all other similarly situated, and the general public, hereby demands a jury trial on all issues so triable.


Dated:  August 9, 2021                    SETAREH LAW GROUP




                                          */s/ Shaun Setareh*
                                          SHAUN SETAREH
                                          THOMAS SEGAL
                                          FARRAH GRANT
                                          Attorneys for Plaintiff
                                          FERNANDO GOMEZ

SECOND AMENDED CLASS ACTION COMPLAINT