IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GOMEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ELITE LABOR SERVICES WEEKLYS, LTD., et al.,<br><br>　　　　Defendants. | Case No. 21-cv-03860-MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND; VACATING HEARING** |

Before the Court is plaintiff Fernando Gomez's ("Gomez") Motion to Remand, filed June 18, 2021. Defendants Elite Labor Services Weeklys, Ltd. and Elite Staffing, Inc. (collectively, "Elite Defendants") have filed opposition, to which Gomez has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for August 20, 2021, and rules as follows.

On February 3, 2020, Gomez, a former employee of defendants, filed the above-titled action in state court, asserting ten state law claims on his own behalf and on behalf of a putative class. On June 18, 2020, Gomez filed a First Amended Complaint, in which he added an eleventh state law claim. On May 21, 2021, Elite Defendants removed the instant action pursuant to a Notice of Removal in which they assert subject matter jurisdiction exists under the Class Action Fairness Act ("CAFA").

Under CAFA, a district court has diversity jurisdiction over a class action where the amount in controversy exceeds $5,000,000 and the parties are minimally diverse, see 28 U.S.C. § 1332(d)(2), provided there are at least 100 putative class members, see 28

1  U.S.C. § 1332(d)(5)(B).  Here, in their Notice of Removal, Elite Defendants assert (1) the
2  amount in controversy is at least $8,913,988.94 (see Notice of Removal ¶¶ 31, 38, 43,
3  49-50, 55-56), (2) the parties are minimally diverse, in that Elite Defendants are citizens
4  of Illinois and Gomez is a citizen of California (see id. ¶¶ 59, 62), and (3) the putative
5  class consists of at least 3445 individuals (see id. ¶ 19).
6        In seeking remand, Gomez does not contend the above-cited assertions are
7  insufficient to support a finding of subject matter jurisdiction.  Rather, Gomez argues the
8  removal was untimely.  In particular, Gomez argues, the Notice of Removal was not filed
9  within the time limits set forth in 28 U.S.C. § 1446(b).  Section 1446(b) states, in relevant
10 part, as follows:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> . . . .
>
> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

See 28 U.S.C. § 1446(b).

      Read together, the above-quoted subsections provide that "a defendant must remove a case within thirty days of receiving from the plaintiff either an initial pleading or some other document, if that pleading or document shows the case is removable."  See Roth v. CHA Hollywood Medical Center, L.P., 720 F.3d 1121, 1122 (9th Cir. 2013).

      Here, Gomez fails to identify any pleading or document he served on Elite Defendants that shows the case was removable.  Indeed, as the Notice of Removal explains, and Gomez does not dispute, Elite Defendants determined the amount in controversy based on a review of their own "business records" and "payroll and employment records" (see Notice of Removal ¶¶ 31, 38, 43, 49), and determined the

1   number of putative class members from a review of their "personnel, payroll, and other
2   employment records" (see id. ¶ 19; see also Krol Decl. ¶¶ 1-7 (describing how Elite
3   Defendants' records were used as basis for determination as to removability)).

4         Gomez argues the instant removal nonetheless was untimely, stating Elite
5   Defendants could have reviewed their own records and determined the case was
6   removable within 30 days of February 12, 2020, the date Elite Defendants were served
7   with the initial complaint.  Alternatively, Gomez argues, Elite Defendants, in preparing for
8   a mediation scheduled for December 14, 2020, necessarily would have determined, no
9   later than December 2020, that their records established the case was removable.
10  Because the Notice of Removal, as noted, was filed May 21, 2021, more than 30 days
11  after the date the initial complaint was served and more than 30 days after December
12  2020, the Notice of Removal, according to Gomez, is untimely.  As set forth below,
13  Gomez's argument is foreclosed by Ninth Circuit authority interpreting § 1446.

14        First, the Ninth Circuit has held "notice of removability under § 1446(b) is
15  determined through examination of the four corners of the applicable pleadings, not
16  through subjective knowledge or a duty to make further inquiry," see Harris v. Bankers
17  Life Ins. & Casualty Co., 425 F.3d 689, 694 (9th Cir. 2005), and, consistent therewith, has
18  rejected the argument that a defendant, upon receipt of a pleading, must review its own
19  "files" to determine if the case is removable, see id. at 696.

20        Second, the Ninth Circuit has held a defendant may remove "outside of the two
21  thirty-day periods [in § 1446(b)] on the basis of its own information, provided that it has
22  not run afoul of either of the thirty-day deadlines."  See Roth, 720 F.3d at 1125.  As noted
23  above, Gomez has not identified a pleading or document that shows the case was
24  removable, and, consequently, neither of the 30-day periods set forth in § 1446(b) had
25  run prior to the date on which Elite Defendants filed the Notice of Removal.
26  //
27  //
28  //

Accordingly, as the Notice of Removal is not untimely, the motion to remand is hereby DENED.

**IT IS SO ORDERED.**

Dated: August 16, 2021

MAXINE M. CHESNEY
United States District Judge