IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GOMEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ELITE LABOR SERVICES WEEKLYS, LTD., et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-03860-MMC<br><br>**ORDER GRANTING ELITE DEFENDANTS' MOTION TO DISMISS; AFFORDING PLAINTIFF LEAVE TO FILE THIRD AMENDED COMPLAINT** |

　　　　Before the Court is defendants Elite Labor Services Weeklys, Ltd. ("Elite Labor") and Elite Staffing, Inc.'s ("Elite Staffing") (collectively, "Elite Defendants") "Motion to Dismiss . . . or, in the Alternative, to Strike Class Allegations," filed September 20, 2021. Also before the Court is defendant Southland Employment Services, Inc.'s ("Southland") Joinder in said motion. Plaintiff Fernando Gomez ("Gomez") has filed opposition to Elite Defendants' motion, as well as to Southland's joinder. Having read and considered the papers filed in support of and in opposition to the motion and the joinder, the Court deems the matters suitable for determination on the parties' respective written submissions, VACATES the hearing scheduled for December 10, 2021, and rules as follows.

　　　　In the operative complaint, the Second Amended Complaint ("SAC"), Gomez alleges that, for approximately eleven weeks, he "worked for Defendants as a non-exempt, hourly employee" (see SAC ¶ 19) and that, during such period, "Defendants" failed to comply with various obligations set forth in the California Labor Code (see, e.g., SAC ¶ 23) (alleging "Defendants" had "policy" whereby employees "were regularly not

1  provided with uninterrupted rest periods")). In total, Gomez asserts, on his own behalf
2  and on behalf of a putative class, ten Causes of Action under the California Labor Code,
3  as well as a derivative Cause of Action under § 17200 of the California Business &
4  Professions Code.

5  Defendants argue the SAC, in its entirety, is subject to dismissal for failure to state
6  a claim. In particular, defendants argue, the SAC fails to provide fair notice of the basis
7  for the claims asserted against each defendant, due to Gomez's use of multiple collective
8  references to "Defendants" and failure to separately identify any act or omission on the
9  part of any defendant sufficient to support a cognizable claim.

10  The Court recently addressed essentially the same issue in another action, see
11  Romero v. Greenwich Logistics, LLC, 2021 WL 5407503 (N.D. Cal. November 18, 2021),
12  and, with limited modification where appropriate, repeats the findings made therein.

13  Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to plead "factual
14  content that allows the court to draw the reasonable inference that the defendant is liable
15  for the misconduct alleged." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Numerous
16  district courts have found, and this Court agrees, that a plaintiff fails to plead sufficient
17  factual content to state a claim against a defendant where a complaint describes the
18  conduct of two or more defendants collectively and includes no factual allegations
19  identifying the conduct in which each defendant engaged. See, e.g., Williams v. Nichols
20  Demos, Inc., 2018 WL 11236757, at *3 (N.D. Cal. June 20, 2018) (dismissing complaint
21  wherein plaintiff asserted defendants were joint employers and alleged "Defendants"
22  engaged in acts but failed to "identify the particular party alleged to have so acted"; citing
23  district court cases dismissing similarly deficient complaints); Sanchez v. Green
24  Messengers, Inc., 2021 WL 5012150, at *2 (N.D. Cal. October 28, 2021) (holding Rule 8
25  "requires a plaintiff to differentiate allegations against multiple defendants"; dismissing
26  complaint as "deficient because it fail[ed] to differentiate between the two [named]
27  Defendants"); Eunice v. United States, 2013 WL 756168, at *3 (S.D. Cal. February 26,
28  2013) (holding "[l]umping all 'defendants' together" fails to "put a particular defendant on

2

notice" as to grounds on which claims are based).

Here, the only allegations in the SAC specific to any defendant are that Elite Labor is "an Illinois corporation doing business in the State of California" (see SAC ¶ 4; see also SAC ¶ 1), that Elite Staffing is "an Illinois corporation doing business in the State of California" (see SAC ¶ 5; see also SAC ¶ 1), and that Southland is "a California corporation" (see SAC ¶¶ 1, 6).  All other references to Elite Labor, Elite Staffing, and Southland, whether conclusory or factual, are to "Defendants" (see, e.g., SAC ¶¶ 14, 19-24), and the one instance in which the SAC refers to conduct by an individual, namely, an allegation that Gomez "was not paid for off-the-clock work his supervisor asked him to complete after he clocked out" (see SAC ¶ 19), does not serve to clarify the ambiguity inherent in the above-referenced collective allegations, as the reader is left to speculate as to which of the three defendants employed such individual.

The SAC thus fails to provide any defendant fair notice of the basis of the claims made against it, and, accordingly, the SAC, in its entirety, is subject to dismissal.

As the Court previously has not dismissed either of the prior complaints filed by Gomez,[1] the Court will afford Gomez leave to amend.  See Fed. R. Civ. P. 15(a)(2) (providing courts "should freely give leave" to amend).  In amending, Gomez must cure the above-described deficiency and may add additional factual allegations to address any of the other arguments made by defendants.  Gomez may not, however, add any new defendants or new claims, without first obtaining leave of court.  See Fed. R. Civ. P. 15(a)(2).

//

//

//

---

[1] The First Amended Complaint was filed during the period in which the instant action was pending in state court (see Decker Decl. [Doc. No. 1] Ex. A-15), and the SAC, which was filed after the instant action had been removed, was filed pursuant to the parties' stipulation allowing such amendment (see Doc. No. 26).

**CONCLUSION**

For the reasons stated above, Elite Defendants' motion to dismiss is hereby GRANTED, and the SAC is hereby DISMISSED, with leave to amend. Any Third Amended Complaint shall be filed no later than January 7, 2022.

**IT IS SO ORDERED.**

Dated: December 6, 2021

MAXINE M. CHESNEY
United States District Judge