IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GOMEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>ELITE LABOR SERVICES WEEKLYS, LTD., et al.,<br><br>    Defendants. | Case No. 21-cv-03860-MMC<br><br>**ORDER GRANTING ELITE DEFENDANTS' MOTION TO DISMISS; DISMISSING THIRD AMENDED COMPLAINT WITH LEAVE TO AMEND** |

Before the Court is Elite Labor Services Weeklys, Ltd. ("Elite Labor") and Elite Staffing, Inc.'s ("Elite Staffing") (collectively, "Elite Defendants") "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) or, in the Alternative, Motion to Strike Class Allegations," filed February 18, 2022, whereby Elite Defendants seek dismissal of the Third Amended Complaint ("TAC").  Plaintiff Fernando Gomez ("Gomez") has filed opposition, to which Elite Defendants have replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

By order filed December 6, 2021 ("December 6 Order"), the Court dismissed the Second Amended Complaint ("SAC"), wherein Gomez named as defendants Elite Labor, Elite Staffing, and Southland Employment Services, Inc. ("Southland") and asserted against them ten claims under the California Labor Code as well as a derivative claim under § 17200 of the California Business & Professions Code.  In so ruling, the Court found Gomez had failed to distinguish between the three defendants, and, in particular, by referring to the three defendants collectively (see December 6 Order (citing SAC ¶ 23

---

[1] By order filed May 4, 2022, the Court took the matter under submission.

1  (alleging "Defendants" had "policy" whereby employees "were regularly not provided with
2  uninterrupted rest periods")).) Under such circumstances, the Court found the SAC failed
3  to provide, as required by Rule 8(b) of the Federal Rules of Civil Procedure, fair notice to
4  any of the three defendants as to the basis for the claims asserted against it. See
5  Sanchez v. Green Messengers, Inc., 2021 WL 5012150, at *2 (N.D. Cal. October 28,
6  2021) (holding Rule 8 "requires a plaintiff to differentiate allegations against multiple
7  defendants"; dismissing complaint as "deficient because it fail[ed] to differentiate between
8  the two [named] Defendants").

9       Thereafter, Gomez, with leave of court, filed the TAC, again naming as defendants
10  Elite Labor, Elite Staffing, and Southland, and asserting the same claims as those set
11  forth in the SAC.[2] By the instant motion, Elite Defendants argue Gomez has failed to
12  cure the above-described deficiency in that Gomez again fails to specify the conduct of
13  each defendant on which such defendant's liability assertedly is based. As set forth
14  below, the Court agrees.

15       In the TAC, Gomez now alleges he "was nominally employed by Elite who
16  assigned him to work for a client called PrimeSource but all of his interactions regarding
17  his employment were with Southland who appears to have acted as a subcontractor
18  and/or agent of Elite Staffing." (See TAC ¶ 19.) Other than the allegation that Southland
19  "appears" to have acted as a subcontractor or agent of Elite Staffing (see id.), however,
20  the TAC contains no separate references to Elite Labor and Elite Staffing. Rather,
21  Gomez refers to those two entities collectively as "Elite." (See, e.g., TAC ¶ 29 (alleging
22  "Elite maintained policies that provide for the unlawful forfeiture of vested vacation pay");
23  TAC ¶ 39 (alleging Gomez "incur[red] fees when [he] would attempt to cash [his] pay
24  cards, fees that at no point were reimbursed by Elite").) Under such circumstances, the
25  Court again finds the TAC fails to provide fair notice to either Elite Labor or Elite Staffing

---

27  [2] Subsequent to the filing of the TAC, Gomez voluntarily dismissed his claims
28  against Southland.

as to the basis of his claims, and, consequently, the TAC is subject to dismissal.

The Court will, however, afford Gomez a further opportunity to amend to add factual allegations that suffice to support a finding that Elite Labor and/or Elite Staffing is liable for the violations alleged.

If Gomez chooses to amend, he is, in addition, afforded leave to cure other deficiencies identified by the Elite Defendants. With regard to Gomez's claim alleging a failure to provide rest breaks, for example, the only factual allegations relevant thereto pertain to PrimeSource's asserted failure (see TAC ¶¶ 25-26), and, even assuming Elite Defendants were joint employers with PrimeSource, Elite Defendants cannot be held vicariously liable for a violation by PrimeSource. See Serrano v. Aerotek, Inc., 21 Cal. App. 5th 773, 782-83 (2018) (rejecting argument that one joint employer can be held vicariously liable for second joint employer's failure to provide meal breaks). With regard to Gomez's claim for unpaid overtime, Gomez fails to allege facts sufficient to show the "off-the-clock" work on which he relies (see TAC ¶ 21) constituted work "in excess of eight hours in one workday," work "in excess of 40 hours in any one workweek," or work "on the seventh day of work in any one workweek." See Cal. Lab. Code § 510(a) (defining hours as to which employer must pay overtime). With regard to Gomez's claim for willful failure to pay all wages due upon termination, see Cal. Lab. Code § 203(a), Gomez fails to allege facts sufficient to support his conclusory assertion Elite Defendants "intentionally adopted policies or practices that are incompatible" with the duty to pay all wages due upon termination. (See TAC ¶ 108); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding courts are "not bound to accept as true a legal conclusion couched as a factual allegation").[3]

//

//

---

[3] Gomez may also wish to amend the following: ¶ 24, which includes an incomplete sentence, ¶ 98 to correct what he acknowledges is an error, and ¶ 20 and/or ¶ 31 to address an inconsistency therein pointed out by Elite Defendants in their reply.

**CONCLUSION**

For the reasons stated above, Elite Defendants' motion to dismiss the TAC is hereby GRANTED, and the TAC is hereby DISMISSED with leave to amend. If Gomez wishes to file a Fourth Amended Complaint, he shall file it no later than July 15, 2022.

**IT IS SO ORDERED.**

Dated: June 24, 2022

MAXINE M. CHESNEY
United States District Judge