IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GOMEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>ELITE LABOR SERVICES WEEKLYS, LTD., et al.,<br><br>    Defendants. | Case No. 21-cv-03860-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND TO STRIKE CLASS ALLEGATIONS; AFFORDING PLAINTIFF FURTHER LEAVE TO AMEND** |

Before the Court is the "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) or, in the Alternative, Motion to Strike Class Allegations [in] Fourth Amended Complaint Pursuant to Fed. R. Civ. P. 12(f)," filed September 20, 2022, by defendants Elite Labor Services Weeklys, Ltd. and Elite Staffing, Inc. (collectively, "Elite Defendants"). Plaintiff Fernando Gomez ("Gomez") has filed opposition, to which the Elite Defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

## BACKGROUND

In the operative complaint, the Fourth Amended Complaint ("4AC"),[2] Gomez alleges he was "nominally employed by Elite" as a "non-exempt, hourly employee from approximately December 6, 2018 through February 29, 2019." (See 4AC ¶¶ 20-21.) Gomez also alleges that "all of his interactions regarding his employment were with

---

[1] By order filed November 14, 2022, the Court took the matter under submission.

[2] The Court's references below to the 4AC are to the corrected version of the 4AC, filed September 14, 2022. (See Doc. No. 65-1.)

Southland [Employment Services, Inc.], who appears to have acted as a subcontractor and/or agent of Elite." (See 4AC ¶¶ 7, 20.)

According to Gomez, he was "assigned" to work for a "client called PrimeSource," where he initially worked as a "Dock Worker" and later as a "Forklift Operator." (See 4AC ¶¶ 20-21.) Gomez alleges that, during the course of said employment, Elite failed to comply with a number of requirements set forth in the California Labor Code; for example, according to Gomez, Elite "failed to pay . . . at least minimum wage for all hours worked" (see 4AC ¶ 1(1)) and "failed to pay . . . overtime wages at the correct rate" (see 4AC ¶ 1(2)). Based on the above allegations, Gomez asserts, on his own behalf and on behalf of a putative class, ten Causes of Action, as well as a single claim under the Private Attorneys General Act ("PAGA"), which he brings as a representative action.

## LEGAL STANDARD

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than . . . a formulaic recitation of the elements of a cause of action." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss," however, "a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Factual

1  allegations must be enough to raise a right to relief above the speculative level,"
2  Twombly, 550 U.S. at 555, and courts "are not bound to accept as true a legal conclusion
3  couched as a factual allegation," see Iqbal, 556 U.S. at 678 (internal quotation and
4  citation omitted).

**DISCUSSION**

6  The Elite Defendants argue that each Cause of Action asserted in the 4AC is
7  subject to dismissal for failure to state a cognizable claim, and, alternatively, that
8  Gomez's class allegations should be stricken.  The Court considers those arguments, in
9  turn.

**A.  All Causes of Action:  Lumping Defendants Together**

11  By order filed June 24, 2022, the Court dismissed the Third Amended Complaint in
12  its entirety, on the ground that Gomez had failed in any manner to distinguish between
13  the Elite Defendants, but, rather, had lumped them together as "Elite," thereby failing to
14  provide each Elite Defendant with fair notice as to the basis of the claims against it, as
15  required by Rule 8(b) of the Federal Rules of Civil Procedure.
16  In the 4AC, Gomez continues to refer to the two Elite Defendants collectively as
17  "Elite" and, as in the TAC, alleges each is a separate corporation.  (See 4AC ¶ 4 (alleging
18  Elite Labor Services Weeklys, Ltd. is "an Illinois corporation doing business in the State
19  of California"); ¶ 5 (alleging Elite Staffing, Inc., is "an Illinois corporation doing business in
20  the State of California").)  Consequently, Gomez has wholly failed to cure one of the
21  deficiencies identified by the Court's prior order.
22  The Court nonetheless finds the 4AC is not subject to dismissal on such ground,
23  given Gomez's alternative allegation that "Elite Labor Services Weeklys, Ltd. is doing
24  business as Elite Staffing, Inc." (see 4AC ¶ 6), which allegation, assumed true at the
25  pleading stage, is that there exists only one Elite Defendant, i.e., Elite Labor Services
26  //
27  //
28  //

Weeklys, Ltd.[3]  In light of such allegation, however, the Court will dismiss as superfluous Gomez's claims against "Elite Staffing, Inc."  See, e.g., Saxon v. City of Dillon, 2020 WL 2732133, at *2 (D. Mont. May 26, 2020) (dismissing claims against government employee in his official capacity as "superfluous to the claims against the [government agency]"; noting "official-capacity suit . . . is treated as a suit against the employing government agency").

**B. Individual Causes of Action**

The Court next turns to the specific arguments the Elite Defendants make as to each of the eleven Causes of Action asserted against the sole defendant, Elite Labor Services Weeklys, Ltd. (hereinafter, "Elite").

**1. First Cause of Action: Meal Periods**

In the First Cause of Action, titled "Failure to Provide Meal Periods," Gomez alleges he did not receive all meal breaks to which he was entitled.

Under § 512 of the California Labor Code, an employer must provide an employee who works "more than five hours" a "meal period of not less than 30 minutes," see Cal. Lab. Code § 512(a), during which period the employer must "relieve[ ] its employee[ ] of all duty, relinquish[ ] control over [the employee's] activities," and must not "impede or discourage" the employee from "tak[ing] an uninterrupted 30-minute break," see Brinker Restaurant Corp. v. Superior Court, 53 Cal. 4th 1004, 1040 (2012).  "If an employer fails to provide a meal . . . period in accordance with a state law, . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal . . . period is not provided."  Cal. Lab. Code § 226.7(c).

---

[3] The Elite Defendants argue Gomez "has no basis for this allegation" and contend "Elite Labor Services, Ltd.," which is not a named defendant, does business as "Elite Staffing, Inc." (see Defs.' Mot. at 5:1-13), apparently suggesting Elite Services Weeklys, Ltd. does not.  The Court, however, cannot resolve any factual dispute as to Gomez's allegations at the pleading stage.  Rather, as noted, a district court, in analyzing a motion to dismiss, accepts as true the factual allegations in the complaint.  See NL Indus., 792 F.2d at 898 (holding courts, at pleading stage, "accept all material allegations in the complaint as true").

4

Although one joint employer is not "vicariously liable" for a failure by the other joint employer to provide a lawful meal period, see Serrano v. Aerotek, Inc., 21 Cal. App. 5th 773, 782-85 (2018), "every employer" has an "affirmative obligation" to "authorize and provide legally required meal . . . breaks; if it fails to do so, it has violated the law and is liable," see Benton v. Telecom Network Specialists, Inc., 220 Cal. App. 4th 701, 728 (2013).

In the instant case, Gomez alleges that, while working at PrimeSource, he was "regularly not provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours worked due to complying with PrimeSource's productivity requirements that required [Gomez] to work through . . . meal periods in order to complete . . . assignments on time." (See 4AC ¶¶ 25, 43.)[4] In that regard, Gomez alleges, "[n]either Elite nor Southland provided [Gomez] and the putative class with written meal period policies, [n]or is [he] aware of any action taken by Elite or Southland to ensure that PrimeSource complied with its obligation to provide rest periods." (See 4AC ¶ 26.)

The Elite Defendants contend Gomez's allegations are insufficient to state a claim against Elite. The Court agrees.

First, to the extent Gomez relies on his allegation that he is not "aware" of any action by Elite or Southland to "ensure" that PrimeSource provides compliant meal periods, such allegation, as the Elite Defendants point out, falls short of alleging Elite or Southland took no such action. Cf. Serrano, 21 Cal. App. 5th at 807 (holding, where plaintiff alleged temporary agency "failed to 'ensure'" client provided meal breaks, agency entitled to summary judgment based on undisputed evidence its contract with client

---

[4] In particular, Gomez alleges, PrimeSource had "(1) . . . [a] policy of requiring employees to finish the tasks assigned to them at hand prior to clocking out for their meal periods; (2) [a policy of] providing employees with a high volume of work that functionally resulted in employees facing intense pressure to complete their work in a manner acceptable to PrimeSource; [and] (3) an overall work atmosphere that prioritized ensuring that employees complete their given tasks over employees taking their meal periods within the statutorily required time frames." (See 4AC ¶ 24.)

"required" client to "comply with applicable laws" and temporary agency had "instructed [plaintiff] to immediately report if she was being prevented from taking authorized meal period").

Next, even assuming, arguendo, an employer's failure to have a meal period policy in any form may be unlawful, see Bellinghausen v. Tractor Supply Co., 2013 WL 5090869, at *4 (N.D. Cal. September 13, 2013) (noting "employer's lack of a meal break policy may subject the employer to liability because it suggests that the employer did not provide meal breaks to its employees") (emphasis omitted), Gomez does not allege Elite lacked any policy, but, rather, that it did not provide him with a copy of a written policy, and courts that have considered the question of whether an employer is required to maintain a written meal period policy have found no such requirement exists.  See Dailey v. Sears, Roebuck & Co., 214 Cal. App. 4th 974, 1001 (2013) (holding plaintiff's evidence showing employer had "no formal written policy regarding meals and rest breaks" did not support finding employer had "policy or widespread practice" to "deprive [its] employees of uninterrupted meal periods and rest breaks"); Green v. Lawrence Service Co., 2013 WL 3907506, at *8 (C.D. Cal. July 23, 2013) (holding employer's liability for failure to provide meal or rest breaks "cannot be established by showing a failure to convey a formal policy regarding breaks to an employee"; noting, "[u]nder California law, the absence of a formal written policy does not constitute a violation of the meal . . . period laws").

Accordingly, the First Cause of Action is subject to dismissal.

**2. Second Cause of Action:  Rest Periods**

In the Second Cause of Action, titled "Failure to Provide Rest Periods," Gomez alleges he did not receive all rest periods to which he was entitled.

Under § 226.7 of the California Labor Code, "[a]n employer shall not require an employee to work during a . . . rest . . . period mandated pursuant to an . . . order of the Industrial Welfare Commission ('IWC')."  See Cal. Lab. Code § 226.7(b).  According to Gomez, the IWC, in the "applicable Wage Order," has required employers to "permit and

authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour period, or major fraction thereof, that must be in the middle of each work period insofar as practicable." (See 4AC ¶ 58.)[5]  "[D]uring rest periods[,] employers must relieve employees of all duties and relinquish control over how employees spend their time." Augustus v. ABM Security Services, Inc., 2 Cal. 5th 257, 269 (2016).  Although one joint employer is not "joint[ly] and severally liable" for a failure by the other joint employer to provide a lawful rest period, see Overpeck v. FedEx Corp., 2020 WL 1557433, at *5 (N.D. Cal. April 1, 2020), "every employer" has an "affirmative obligation . . . to authorize and provide . . . rest breaks," see Benton, 220 Cal. App. 4th at 728.

The allegations in support of Gomez's rest period claim are substantively similar to those in support of his meal period claim.  Specifically, Gomez alleges, he was not provided rest breaks due to PrimeSource policies, such as its "policy that employees were not allowed to leave the premises until all work assigned to them for the day was completed" and other time-related pressures (see 4AC ¶ 27), and that "[n]either Elite nor Southland provided [Gomez] and the putative class with written rest period policies, [n]or is [he] aware of any action taken by Elite or Southland ensure that PrimeSource complied with its obligation to provide rest periods" (see 4AC ¶ 29).

For the reasons stated above with respect to the First Cause of Action, the Court finds the Second Cause of Action is subject to dismissal.

**3. Third Cause of Action:  Hourly and Overtime Wages**

In the Third Cause of Action, titled "Failure to Pay Hourly and Overtime Wages," Gomez alleges Elite failed to pay him for all hours he worked at PrimeSource.

Under § 1197 of the California Labor Code, "[t]he minimum wage fixed by the [IWC] . . . is the minimum wage to be paid to employees, and the payment of a lower

---

[5] Gomez has not identified, either in the 4AC or his opposition, which of the numerous wage orders issued by the IWC is "applicable" to the work he performed for Elite.

7

1  wage than the minimum wage so fixed is unlawful," see Cal. Lab. Code § 1197.

2  Additionally, under § 510, employees are entitled to overtime compensation for work "in

3  excess of eight hours in one workday," work "in excess of 40 hours in any one

4  workweek," and work "on the seventh day of work in any one workweek." See Cal. Lab.

5  Code § 510(a).

6  According to Gomez, the IWC, in the "applicable Wage Order," has ordered that

7  an employer must "pay non-exempt employees at least the minimum wage set forth

8  therein for all hours worked" (see 4AC ¶ 70).[6]  To the extent the Third Cause of Action

9  seeks recovery of unpaid hourly wages, i.e., a failure to pay minimum wages, the Elite

10 Defendants argue the allegations they understand Gomez to be making in support of

11 such claim are insufficient to state a claim.  In particular, noting Gomez's allegations that

12 he "was not paid for off-the-clock work his supervisor asked him to complete after he

13 clocked out" and that he was "required to work off-the-clock after clocking out for periods

14 lasting up to 20 minutes" (see 4AC ¶ 22), the Elite Defendants argue such general

15 descriptions do not satisfy the Ninth Circuit's requirement that a plaintiff, at the pleading

16 stage, provide "detail regarding a given workweek when [he] . . . was not paid minimum

17 wages," see Landers v. Quality Communications, Inc., 771 F.3d 638, 646 (9th Cir. 2014).

18 In his opposition, Gomez does not argue the above-quoted language in the 4AC

19 suffices to state a claim for failure to pay him minimum wages nor does he assert his

20 Third Cause of Action is based on those allegations.  Rather, Gomez relies solely on his

21 allegation that he did not receive "meal breaks," and, in reliance of that allegation, argues

22 he is entitled to "wages for those instances where [he] worked through a meal break."

23 (See Pl.'s Opp. at 8:3-6.)  As discussed below, however, even if Gomez had adequately

24 pleaded a viable meal period claim, such allegations cannot, as a matter of law, support a

25 claim for failure to pay minimum wages.

---

[6] As noted, Gomez has not identified, either in the 4AC or his opposition, which of the numerous wage orders issued by the IWC is "applicable."

A claim for failure to pay minimum wages, as Gomez alleges (see 4AC ¶ 82), is brought pursuant to § 1194 of the California Labor Code, see Kirby v. Immoos Fire Protection, Inc., 53 Cal. 4th 1244, 1251-56 (2012), which statute provides that "any employee receiving less than the minimum wage . . . is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage," see Cal. Lab. Code § 1194(a). A claim that an employer has failed to provide a meal break, and, consequently, is liable for an additional hour of pay as a remedy, is not, however, encompassed within a claim for "unpaid minimum wages," and, consequently, is not cognizable under § 1194(a). See Kirby, 53 Cal. 4th at 1251-56.[7]

Accordingly, to the extent the Third Cause of Action is based on a claim that Gomez was not paid minimum wages, the claim is subject to dismissal.

Next, to the extent the Third Cause of Action seeks recovery of overtime wages, the Elite Defendants correctly observe that the 4AC includes no facts to support such a claim, namely, the requisite "detail regarding a given workweek when [he] worked in excess of forty hours and was not paid overtime for that given workweek." See Landers, 771 F.3d at 646. Rather, the 4AC's only reference to overtime is a conclusory assertion that Elite "failed to pay [Gomez] overtime wages at the correct rate" (see 4AC ¶ 1(2)), an allegation wholly insufficient to state a cognizable claim, see Landers, 771 F.3d at 646.

Accordingly, to the extent the Third Cause of Action is based on a claim that Gomez was not paid overtime wages, the claim is subject to dismissal.

//
//

---

[7] Although, as the California Supreme Court has explained, where an employer has provided a meal period, i.e., where the employer "actually reliev[ed] an employee of all duty," but "knew or reasonably should have known that the worker was working through the authorized meal period," the employer "has not violated its meal period obligations" but is "liable for straight pay" for said work, see Brinker, 53 Cal. 4th at 1039-40 and n.19 (internal quotation and citation omitted), Gomez's reliance on such authority to support his claim for unpaid wages is, however, unavailing, as he does not allege he worked through an authorized meal period, let alone that Elite was aware or should have been aware of such circumstance.

### 4. Fourth Cause of Action: Vacation Wages

In the Fourth Cause of Action, titled "Failure to Pay Vacation Wages," Gomez alleges he was not paid accrued vacation pay due to him.

Under § 227.3 of the California Labor Code, "whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served." See Cal. Lab. Code § 227.3.

Here, Gomez alleges, he "accrued vacation wages during [his] employment with Elite" (see 4AC ¶ 30) and was "not paid out all accrued vacation pay" (see 4AC ¶ 33), which result he attributes to Elite's having "maintained policies that provide for the unlawful forfeiture of vested vacation pay" (see 4AC ¶ 32). As the Elite Defendants point out, Gomez's allegations are conclusory; in particular, he fails to allege any facts to support the conclusory assertion that he "accrued" vacation wages as of the date of his termination, as well as facts describing the nature of Elite "policies" he asserts are "unlawful." See Iqbal, 556 U.S. at 678 (holding "conclusions couched as factual allegations" insufficient to support claim) (internal quotation and citation omitted); see also, e.g., Whitehead v. Pacifica Senior Living Management LLC, 2019 WL 13117458, at *6-7 (N.D. Cal. January 3, 2019) (holding claim asserting employer failed to pay accrued vacation pay subject to dismissal where plaintiff failed to "allege[ ] facts regarding [d]efendants' specific policy or contract terms . . . or facts indicating that [plaintiff] had accrued vacation time").

Accordingly, the Fourth Cause of Action is subject to dismissal.

### 5. Fifth Cause of Action: Sick Pay

In the Fifth Cause of Action, titled "Failure to Provide Sick Pay," Gomez alleges he was not paid for sick days he took off from work.

Under § 246 of the California Labor Code, "an employee shall accrue paid sick days at a rate of not less than one hour per every 30 hours worked, beginning at the

commencement of employment . . ., subject to the use and accrual limitations set forth in [§ 246]."  See Cal. Lab. Code § 246(b)(1).

Here, Gomez alleges he "missed days from work," including February 27, 2019, "due to permissible reasons as stated in Labor Code section 246.5,"[8] and that Elite "failed to pay [him] . . . for [those] missed days."  (See 4AC ¶ 34.)

The Elite Defendants argue Gomez's allegations are deficient in that he does not allege he had any accrued sick days available to use on the date or dates he states he did not work.  The Court agrees.  The statute provides that "[a]n employee shall be entitled to use accrued paid sick days beginning on the 90th day of employment, after which day the employee may use paid sick days as they are accrued," see Cal. Lab. Code § 246(d), and Gomez alleges he worked for Elite for a period of less than 90 days (see 4AC ¶ 21).

Accordingly, the Fifth Cause of Action is subject to dismissal.

**6. Sixth Cause of Action:  Indemnification**

In the Sixth Cause of Action, titled "Failure to Indemnify," Gomez alleges Elite failed to reimburse him for work shoes he states he was required to purchase.

Under § 2802 of the Labor Code, "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."  See Cal. Lab. Code § 2802(a).

Here, Gomez alleges, he was "required to purchase steel-toed boots at [his] own expense as a necessary precondition of employment."  (See 4AC ¶ 35.)  According to Gomez, said "requirement" was "a rule of PrimeSource, but was enforced by Elite through Southland who communicated it to [Gomez]" (see 4AC ¶ 36).

---

[8] Under § 246.5, "an employer shall provide paid sick days for the following purposes: (1) [d]iagnosis, care, or treatment of an existing health condition of, or preventive care for, an employee or an employee's family member [or] (2) [f]or an employee who is a victim of domestic violence, sexual assault, or stalking . . . ."  See Cal. Lab. Code § 246.5(a).

11

Under the California Labor Code, joint employers are not jointly and severally liable for a statutory violation unless the statute in question so provides. See Noe v. Superior Court, 237 Cal. App. 4th 316, 333–34 (2015) (holding there is "no authority for the proposition that a joint employer may be held liable for Labor Code violations committed by a cojoint employer based on principles of agency or joint and several liability" unless authorized by "the particular statute at issue"). The statute under which the Sixth Cause of Action is brought, § 2802, contains no express language authorizing joint and several liability, and Gomez, in his opposition, does not argue § 2802 otherwise can be interpreted as creating such liability. Rather, Gomez relies on his allegation that, as noted, Elite "enforced" PrimeSource's "rule" through Southland, as well as his allegation that Southland "appears to have acted as a subcontractor and/or agent of Elite" (see 4AC ¶ 20), thus, in essence, arguing Elite should be held liable for the actions of Southland.

As the Elite Defendants point out, Gomez fails to allege facts to support his assertion that Southland acted as Elite's agent when it allegedly informed Gomez that he was required to purchase steel-toed shoes at his own expense, namely, facts to support a finding that Elite had the right to control Southland. See Mavrix Photographs, LLC v. Livejournal, Inc., 873 F.3d 1045, 1054 (9th Cir. 2017) (holding, for "agency relationship to exist," alleged principal "must have a right to control the actions of the [alleged] agent") (internal quotation, citation, and alteration omitted). In the absence of such allegations, Gomez fails to state a claim against Elite based on the conduct of Southland. See Iqbal, 556 U.S. at 678 (holding "legal conclusions" not supported by "factual allegations" fail to state claim upon which relief can be granted); Saldana v. Occidental Petroleum Corp., 774 F.3d 544 (9th Cir. 2014) (holding plaintiff failed to plead "agency theories of liability" against defendant, where plaintiffs did "not plead[ ] factual content that allows the court to draw the reasonable inference that [defendant] had operational control over [alleged agent]").

Accordingly, the Sixth Cause of Action is subject to dismissal.

### 7. Seventh Cause of Action: Wage Statements

In the Seventh Cause of Action, titled "Failure to Provide Accurate Wage Statements," Gomez alleges he was "never provided with wage statements by Elite" and he was "also unable to access his wage statements online." (See 4AC ¶ 39.)

Under § 226 of the California Labor Code, "[e]very employer shall . . . furnish each of his or her employees . . . an accurate itemized statement in writing." See Cal. Lab. Code § 226(a).

In seeking dismissal of the Seventh Cause of Action, the Elite Defendants do not contend Gomez has failed to state a claim on his own behalf, but only that Gomez "has no basis for alleging that other employees were not provided with wage statements" (see Defs.' Mot. at 14:26-27), an argument that does not bear on the adequacy of Gomez's individual claim under § 226.

Accordingly, there being no argument that Gomez has failed to state a claim under § 226, the Seventh Cause of Action is not subject to dismissal.

### 8. Eighth Cause of Action: Final Wages

In the Eighth Cause of Action, titled "Failure to Timely Pay All Final Wages," Gomez alleges Elite did not pay him all wages due upon his termination.

Under § 201 of the California Labor Code, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately," see Cal. Lab. Code § 201(a), and, under § 202, "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting," see Cal. Lab. Code § 202(a).[9]

As the Elite Defendants point out, the Eighth Cause of Action is derivative of

---

[9] The 4AC contains no allegation as to whether Gomez was terminated or quit.

13

Gomez's claims for wages, each of which, as set forth above, is subject to dismissal.

Accordingly, the Eighth Cause of Action likewise is subject to dismissal.

**9. Ninth Cause of Action: Wages Without Discount**

In the Ninth Cause of Action, titled "Failure to Pay Wages Without Discount," Gomez alleges he received his wages on a debit card and that, when he used the card, he was charged a fee.

Under § 212 of the California Labor Code, an employer is prohibited from "issu[ing] in payment of wages due . . . [a]ny order, check, draft, note, memorandum, or other acknowledgment of indebtedness, unless it is negotiable and payable in cash, on demand, without discount, at some established place of business in the state, the name and address of which must appear on the instrument." See Cal. Lab. Code § 212(a).

Here, Gomez alleges that "Elite paid wages to [him] . . . on pre-loaded debit cards or 'pay cards'" (see 4AC ¶ 40) and that he "incurred fees when attempting to use the pay card at various business[es] in California" (see 4AC ¶ 115). Section 212(a), however, only requires that the instrument be negotiable without discount "at some established place of business in the state," see Cal. Lab. Code § 212(a), not at all such businesses, and, as the Elite Defendants point out, Gomez does not allege Elite failed to provide him with an opportunity to use his debit cards without discount at "some established place of business," see id.; Christie v. Tuesday Morning, Inc., 2015 WL 12762065, at *4 (C.D. Cal. March 2, 2015) (finding "§ 212 is violated when an employee is denied all opportunities to access [his] wages without discount").

Accordingly, the Ninth Cause of Action is subject to dismissal.

**10. Tenth Cause of Action: Unfair Business Practices**

In the Tenth Cause of Action, titled "Unfair Competition," Gomez alleges that the Labor Code violations alleged in the 4AC constitute unfair and unlawful conduct under § 17200 of the California Business & Professions Code.

In seeking dismissal of said claim, the Elite Defendants argue Gomez has failed to allege he "lacks an adequate legal remedy," which showing a plaintiff must make before

14

1 he may seek in district court the equitable remedies available under § 17200.  See

2 Sonner v. Premier Nutrition Corp., 971 F.3d 834, 844 (9th Cir. 2020).  In response,

3 Gomez agrees his Tenth Cause of Action is subject to dismissal, albeit without prejudice

4 to his reasserting said claim in state court.  See Guzman v. Polaris Industries, Inc., 49

5 F.4th 1308, 1314 (9th Cir. 2022) (holding, where plaintiff fails to show he lacks "adequate

6 remedy at law," claim under § 17200 subject to dismissal "without prejudice to refiling the

7 same claim in state court").

Accordingly, the Tenth Cause of Action is subject to dismissal, without prejudice to Gomez's refiling said claim in state court.

### 11.  Eleventh Cause of Action:  PAGA

In the Eleventh Cause of Action, titled "Civil Penalties," Gomez seeks to recover civil penalties for the alleged violations of the California Labor Code asserted in the 4AC.

Under § 2699 of the California Labor Code, commonly known as PAGA, "any provision of [the [Labor Code] that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees."  See Cal. Lab. Code § 2699(a).

As set forth above, Gomez's claims that Elite violated the Labor Code sections upon which the First through Sixth Causes of Action, as well as the Eighth and Ninth Causes of Action, are subject to dismissal, and, consequently, the Eleventh Cause of Action, to such extent, likewise is subject to dismissal.

The only Labor Code violation that is sufficiently pleaded is Gomez's claim under § 226(a), i.e., the Seventh Cause of Action, in which he claims Elite did not provide him with wage statements.  To proceed with a PAGA claim based on a violation of § 226(a), however, Gomez must plead not only that Elite failed to provide him with wage statements, but that it also failed to provide other employees with wage statements.  See

1  Huff v. Securitas Security Services USA, Inc., 23 Cal. App. 5th 745, 756 (2018) (holding
2  "an employee seeking Labor Code penalties . . . cannot do so purely in an individual
3  capacity; the employee must bring the action on behalf of himself or herself and others")
4  (emphasis in original).
5  　　　　　In that regard, the Elite Defendants correctly point out that Gomez fails to allege
6  any facts to support a finding that any employee other than himself was not provided
7  wage statements; rather, the sole allegations pertaining to other employees are
8  conclusory assertions that the Seventh Cause of Action is brought on behalf of other
9  employees.  (See 4AC ¶¶ 98-100.)  In the absence of factual allegations to support such
10 conclusions, however, Gomez fails to state a cognizable PAGA claim based on a
11 violation of § 226(a).  See Ovieda v. Sodexo Operations, LLC, 2012 WL 1627237, at *4
12 (C.D. Cal. May 7, 2012) (dismissing PAGA claim where plaintiff "alleged absolutely no
13 facts to show her workplace experience was similar to that of any [other employee]"); see
14 also Madrid v. Vivint, Inc., 2017 WL 6942759, at *2 (C.D. Cal. May 11, 2017) (dismissing
15 PAGA claim where complaint was "devoid of any factual allegations supporting [plaintiff's]
16 claim that [defendant] violated the Labor Code rights of other [employees]")
17 　　　　　Accordingly, the Eleventh Cause of Action is subject to dismissal.
18 **C.  Class Allegations**
19 　　　　　As noted, Gomez seeks to proceed on behalf of a class with respect to the First
20 through Tenth Causes of Action.  The Elite Defendants contend the class allegations
21 should be stricken for the reason that Gomez fails to allege facts to meet the
22 commonality and typicality requirements set forth in Rule 23.  See Fed. R. Civ. P.
23 23(a)(2)-(3) (providing class may be certified only if "there are questions of law or fact
24 common to the class" and "the claims . . . of the representative parties are typical of the
25 claims . . . of the class").
26 　　　　　District courts have authority to strike class allegations at the pleading stage where
27 the class as defined in the complaint cannot be certified.  See Kamm v. California City
28 Development Co., 509 F.2d 205, 207 n.3, 212-13 (9th Cir. 1975) (affirming order striking

class allegations where plaintiff would be unable to meet requirements of Rule 23).

As the First through Sixth and Eighth through Tenth Causes of Action have been dismissed, the Elite Defendants' request to strike the class allegations in support of said claims will be denied as moot.

With regard to the Seventh Cause of Action, the 4AC, as set forth above, fails to include facts to support a finding that any employee other than Gomez was not provided with wage statements.  Under such circumstances, the 4AC fails to identify any common issue of law or fact shared by Gomez and other Elite employees and fails to allege facts to support a finding that Gomez's claim is typical of that of any other Elite employee.

Accordingly, as to the Seventh Cause of Action, the class allegations will be stricken.

**D. Leave to Amend**

In his opposition, Gomez requests leave to amend in the event more detail is required.  As it is possible Gomez may be able to cure some or all of the above-discussed deficiencies by adding facts to support the conclusory assertions in the 4AC, the Court will afford Gomez a further opportunity to amend, with the exception of the Fifth Cause of Action, which claim contains a deficiency that cannot be cured, and the Tenth Cause of Action, which claim Gomez acknowledges cannot be brought in district court.

**CONCLUSION**

For the reasons stated above, the Elite Defendants' motion to dismiss and strike class allegations is hereby GRANTED in part and DENIED in part, as follows:

1. To the extent the Elite Defendants seek dismissal of all claims asserted against Elite Staffing, Inc., the motion is GRANTED.

2. To the extent the Elite Defendants seek dismissal of the First through Sixth Causes of Action and the Eighth through Eleventh Causes of Action, the motion is GRANTED, and said Causes of Action are hereby DISMISSED with further leave to amend, with the exceptions of (a) the Sixth Cause of Action, which is hereby DISMISSED without further leave to amend, and (b) the Tenth Cause of Action, which is hereby

1  DISMISSED without prejudice to Gomez's realleging such claim in state court.

2　　　3.  To the extent the Elite Defendants seek an order striking the class allegations,
3  the motion is GRANTED as to the Seventh Cause of Action and is otherwise DENIED as
4  moot.

5　　　4.  To the extent the Elite Defendants seek dismissal of the Seventh Cause of
6  Action, the motion is DENIED.

7　　　5.  If Gomez wishes to file a Fifth Amended Complaint for purposes of amending
8  the First, Second, Third, Fourth, Fifth, Eighth, Ninth, and Eleventh Causes of Action,
9  and/or adding facts in support of his class allegations, he shall file such pleading no later
10  than 21 days from the date of this order.

11  **IT IS SO ORDERED.**

13  Dated: February 24, 2023

*[signature]*
MAXINE M. CHESNEY
United States District Judge