IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GOMEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>ELITE LABOR SERVICES WEEKLYS, LTD., et al.,<br><br>    Defendants. | Case No. 21-cv-03860-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STRIKE CLASS/REPRESENTATIVE ALLEGATIONS; DIRECTIONS TO DEFENDANT; DIRECTIONS TO PARTIES** |

Before the Court is defendant Elite Labor Services Weeklys, Ltd.'s ("Elite") "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) or, in the Alternative, Motion to Strike Class and Representative Allegations Pursuant to Fed. R. Civ. P. 12(f)," filed May 3, 2023. Plaintiff Fernando Gomez ("Gomez") has filed opposition, to which Elite has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

**BACKGROUND**

In the operative complaint, the Sixth Amended Complaint ("6AC"), Gomez asserts two Causes of Action against Elite, by whom he was employed from December 6, 2018, through February 28, 2019. In the First Cause of Action, asserted by Gomez on his own behalf and on behalf of a putative class, Gomez alleges that Elite violated § 226 of the California Labor Code by failing to furnish wage statements to its employees and, in the alternative, assuming Elite did furnish such statements, it did not timely furnish them. In the Second Cause of Action, Gomez asserts a representative claim under the Private

---

[1] By order filed June 6, 2023, the Court took the matter under submission.

1 Attorneys General Act ("PAGA"), based on the same allegations on which he bases the
2 First Cause of Action.

3 **A. Elite's Motion to Dismiss/Strike**

4     **1. Dismissal of 6AC Based on Settlement Agreement**

5     Elite argues that the 6AC is subject to dismissal in its entirety in light of a release
6 provision set forth in a settlement agreement filed in a state court action Gomez filed
7 against Elite.

8     The language on which Elite relies (see Joint Stipulation of Class Settlement
9 § 5.7.2)[2] is ambiguous, however, as to whether the parties agreed Gomez would waive
10 all his claims against Elite that existed at the time the settlement agreement became
11 effective, or whether the claims asserted in the instant action were excluded from the
12 scope of the release (see id. ¶ 2.8).[3] Moreover, neither party has offered, nor does it
13 appear either party could offer at this stage of the proceedings, the evidence needed to
14 resolve the ambiguity. See Asarco, 765 F.3d at 1008-09 (holding where "settlement
15 agreement is ambiguous," interpretation of agreement "presents a fact issue that cannot
16 be resolved on a motion to dismiss"); see also id. at 1009 (stating "'[t]here is unanimity'
17 that evidence of the surrounding circumstances is necessary 'when an ambiguity . . .
18 exist[s]'") (quoting Williston on Contracts § 33:42 (4th ed. 2014) (alterations in original).
19 In short, Elite has not shown dismissal of the 6AC under such theory is proper at the
20 pleading stage.

21     The Court next turns to Elite's motion to strike the class allegations from the 6AC.
22 //

---

[2] The settlement agreement is contained in Exhibit A to the Declaration of Christopher W. Decker, and Elite's unopposed request that the Court take judicial notice of said agreement, a document filed in the state court proceeding, is GRANTED. See Asarco, LLC v. Union Pacific R.R. Co., 765 F.3d 999, 1009 n.2 (9th Cir. 2014) (holding settlement agreements filed in court proceedings are "properly subject to judicial notice").

[3] The ambiguity may have been created by the use of documents that had been used in a different case and not properly edited when filed in the above-referenced state court action.

**2. First Cause of Action: Violations of § 226**

Pursuant to § 226, "[a]n employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing." See Cal. Lab. Code § 226(a). As noted, Gomez, in his First Cause of Action, asserts Elite did not furnish any wage statements to employees or, in the alternative, it did not timely furnish them.

**a. Not Furnishing Wage Statements**

With respect to Gomez's claim that Elite did not furnish wage statements to its employees, Elite argues the 6AC does not include facts to support a finding that Elite failed to furnish wage statements to employees other than Gomez.[4] As set forth below, the Court agrees.

To the extent his claim is asserted on behalf of other employees, Gomez first relies on a declaration signed by Anjelica Bernal ("Bernal"), Elite's Payroll Manager, in which Bernal, according to Gomez, avers Elite mailed copies of his wage statements to him (see 6AC ¶ 24),[5] and "followed the same policies with respect to the provision of wage statements for [p]laintiff Gomez that it did for other employees" (see 6AC ¶ 23). Gomez then concludes that his allegation that "he received no wage statements" (see 6AC ¶ 28) "calls into question whether the procedures were followed for other employees" (see 6AC ¶ 30).

To state a cognizable claim, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See Ashcroft v Iqbal, 556 U.S. 662, 678 (2009). Here, the 6AC lacks factual

---

[4] Elite does not challenge the First Cause of Action as asserted on behalf of Gomez individually.

[5] Although Gomez alleges Bernal's statements are set forth in a declaration "attached as Exhibit A" to the 6AC (see 6AC ¶ 21), no exhibit is attached to the 6AC. A copy of what appears to be the referenced declaration is, however, attached as an exhibit to the Fifth Amended Complaint.

3

1  content to support the inference Gomez apparently seeks to have drawn, i.e., an
2  inference that his lack of receipt of wage statements was the result of a systematic failure
3  on the part of Elite, as opposed to a circumstance specific to him, such as the use of an
4  incorrect mailing address or a delivery error on the part of the postal service.  See In re
5  Century Aluminum Co. Sec. Litig., 729 F.3d 1104, 1108 (9th Cir. 2013) (holding, "[w]hen
6  faced with two possible explanations, only one of which can be true and only one of
7  which results in liability, [plaintiffs] cannot offer allegations that are merely consistent with
8  their favored explanation but are also consistent with the alternative explanation," and,
9  instead, must allege "facts tending to exclude the possibility that the alternative
10 explanation is true") (internal quotation and citation omitted).

11     Second, Gomez relies on his allegation that Bernal, in identifying Elite's "practices"
12 as to wage statements, has averred that those practices were followed by Elite "from
13 February 3, 2019 through the present."  (See 6AC ¶¶ 30-31.)  According to Gomez,
14 because Bernal did not set forth the practices Elite followed prior to February 3, 2019, "it
15 appears that Elite did not provide wage statements to [Gomez] and other aggrieved
16 employees prior to that date."  (See 6AC ¶¶ 31-32.)  The inference Gomez seeks to have
17 drawn, however, is not reasonable, as the absence of a statement by Bernal as to
18 policies in place prior to February 3, 2019, is not an admission that no practice existed
19 during such period.  Moreover, it is readily apparent Bernal selected February 3, 2019, as
20 the relevant date because Gomez's initial complaint was filed on February 3, 2020 (see
21 Doc No. 1-2) and the putative class he seeks to represent consists of individuals in
22 California employed by Elite "during the period beginning one year before the filing of this
23 action" (see 6AC ¶ 11).

24     **b.  Timeliness of Wage Statements**

25     To the extent Gomez's alternative claim, that Elite did not timely furnish wage
26 statements, is asserted on behalf of a class, Elite argues such claim likewise is subject to
27 dismissal.  As set forth below, the Court again agrees.
28     According to Gomez, Elite was required by § 226 to furnish wage statements "at

the time of the payment of wages." (See 6AC ¶ 33.) As noted, however, § 226 requires wage statements to be furnished either "semimonthly or at the time of each payment of wages," see Cal. Lab. Code § 226(a) (emphasis added), and Gomez does not allege Elite mailed wage statements after the "semimonthly deadline," see Canales v. Wells Fargo Bank, N.A., 23 Cal. App. 5th 1262, 1271 (2018) (holding "[f]or purposes of section 226, if an employer furnishes an employee's wage statement before or by the semimonthly deadline, the employer is in compliance").

Moreover, as long as wage statements are furnished on at least a semimonthly basis, an employer that pays wages in "cash" may furnish wage statements "separately" from the wages, see Cal. Lab. Code 226(a), and Gomez alleges he received his wages on "pay cards" (see 6AC ¶ 21), a form of payment equivalent to payment by cash, see Cal. Lab. Code § 212(a) (requiring pay cards be "negotiable and payable in cash, on demand, without discount, at some established place of business in the state").[6]

### 3. Second Cause of Action

As noted, Gomez's PAGA claim is derivative of his First Cause of Action, which, in light of the findings set forth above, will be limited to his individual claim that Elite did not comply with § 226. Under such circumstances, the PAGA claim is subject to dismissal in its entirety, as an employee bringing a PAGA claim "cannot do so purely in an individual capacity; the employee must bring the action on behalf of himself or herself and others." See Huff v. Securitas Security Services USA, Inc., 23 Cal. App. 5th 745, 756 (2018) (emphasis in original).

**B. Plaintiff's Request to Further Amend**

In his opposition, Gomez requests further leave to amend, in this instance, leave to file a Seventh Amended Complaint. As set forth below, Gomez has not shown further leave is warranted.

---

[6] Where wages are paid by "check, draft, or voucher," § 226 does require the wage statement be a "detachable part" of said instrument, see Cal. Lab. Code § 226(a); Gomez, however, was not paid by any of those instruments (see SAC ¶ 21).

By order filed February 24, 2023, the Court struck from the then-operative complaint, the Fourth Amended Complaint, the class and representative allegations alleged therein, for the reason that Gomez had not alleged facts sufficient to show Elite failed to furnish wage statements to any employee other than himself. In that same order, Gomez was afforded leave to amend, and, as set forth above, Gomez, in his 6AC, has not cured the noted deficiency,[7] nor has Gomez, either in his opposition or otherwise, identified any additional factual allegations he could make to state such a claim on behalf of the putative class. Rather, Gomez submits a declaration in which his counsel requests an opportunity to conduct discovery to determine whether "other employees . . . received wage statements in the mail." (See Setareh Decl. ¶ 4) (requesting opportunity to propound interrogatories to determine "Elite's practices regarding wage statements").) Similarly, Gomez has not identified any additional factual allegations he could make to support his alternative claim that any furnished wage statements were untimely; rather he requests leave to conduct discovery to determine if a factual basis exists to warrant such claim. (See id.) Lastly, to the extent Gomez refers in the 6AC to a potential claim that any furnished wage statements had a "year-to-date total" that was not "accurate" (see 6AC ¶ 21),[8] Gomez, having alleged he never received wage statements, is not in a position to allege that any wage statements Elite mailed to him were inaccurate; indeed, as with his pleaded claims, he seeks discovery to determine whether such a claim is cognizable (see id. (asserting Gomez "is entitled to discovery regarding whether wage statements were provided, and if they were, whether the year-to-date total is accurate")).

Under such circumstances, further leave to amend will not be afforded. See

---

[7] In response to the Court's February 24, 2023, Order, Gomez filed a Fifth Amended Complaint ("5AC"). The Court did not have occasion to review that pleading, however, as the parties subsequently filed a stipulation to allow Gomez to file the 6AC, which stipulation the Court approved.

[8] Although Gomez alleges Bernal "admits that the replica wage statements attached to her declaration have inaccurate year-to-date totals" (see id.), he omits from that allegation the part of Bernal's declaration wherein she avers the wage statements "provided the employee" differ from the replicas in that regard (see 5AC Ex. A ¶ 9).

Dougherty v. City of Covina, 654 F.3d 892, 901 (9th Cir. 2011) (finding leave to amend would be futile where plaintiff failed to identify any additional facts he could allege to cure pleading deficiencies); see also Mujica v. AirScan Inc., 771 F.3d 580, 593 (9th Cir. 2014) (holding plaintiff "must satisfy the pleading requirements [of the Federal Rules of Civil Procedure] before the discovery stage, not after it") (emphasis in original).

## CONCLUSION

For the reasons stated above:

1. Elite's motion to dismiss and strike is hereby GRANTED in part and DENIED in part, as follows:

   a. to the extent Elite seeks dismissal of the 6AC in light of the above-referenced settlement agreement, the motion is DENIED;

   b. to the extent Elite seeks an order striking the class action allegations offered by Gomez in support of the First Cause of Action, the motion is GRANTED; and

   c. to the extent Elite seeks an order dismissing the Second Cause of Action, the motion is GRANTED.

2. Elite is DIRECTED to file, no later than fourteen days from the date of this order, an answer to the First Cause of Action as asserted on behalf of Gomez.

3. Pursuant to the Court's order of August 27, 2021, the parties are DIRECTED to meet and confer and thereafter submit, no later than fourteen days from the date of this order, a proposed pretrial schedule.

**IT IS SO ORDERED.**

Dated: June 26, 2023

MAXINE M. CHESNEY
United States District Judge