Shaun Setareh (SBN 204514)
shaun@setarehlaw.com
Thomas Segal (SBN 222791)
thomas@setarehlaw.com
Farrah Grant (SBN 293898)
farrah@setarehlaw.com
SETAREH LAW GROUP
9665 Wilshire Blvd., Suite 430
Beverly Hills, CA 90212
Telephone:   (310) 888-7771
Facsimile:    (310) 888-0109

Attorneys for Plaintiff
FERNANDO GOMEZ

EVAN R. MOSES, CA Bar No. 198099
evan.moses@ogletree.com
CHRISTOPHER W. DECKER, CA Bar No. 229426
christopher.decker@ogletree.com
CHLOE S. CHANG, CA Bar No. 321007
chloe.chang@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone:   213-239-9800
Facsimile:    213-239-9045

Attorneys for Defendants
ELITE LABOR SERVICES WEEKLYS, LTD. and
ELITE STAFFING, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FERNANDO GOMEZ, on behalf of himself, all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>ELITE LABOR SERVICES WEEKLYS, LTD, an Illinois corporation; ELITE STAFFING, INC., an Illinois corporation; SOUTHLAND EMPLOYMENT SERVICES, INC., a California corporation; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. 3:21-cv-03860-MMC<br><br>**STIPULATION TO ENTRY OF JUDGMENT**<br><br><br><br>Complaint Filed: 2020-02-03<br>Trial Date:          None<br>District Judge:   Hon. Maxine M. Chesney<br>                           Courtroom 7, San Francisco |

Case No. 3:21-cv-03860-MMC

STIPULATION TO ENTRY OF JUDGMENT

TO THE COURT, ALL INTERESTED PARTIES, AND ATTORNEYS OF RECORD:

1. On or about February 3, 2020, Plaintiff Fernando Gomez ("Plaintiff"), on behalf of himself and others similarly situated, filed an unverified Class Action Complaint (the "Complaint") in the Superior Court of the State of California, County of Alameda, Case No. HG20053059, captioned *Fernando Gomez v. Elite Labor Services Weeklys, Ltd., et al.* (the "State Court Action"), against Elite Labor Services Weeklys, Ltd., Elite Staffing, Inc., ("Defendants"), and Southland Employment Services, Inc.[1]

2. Plaintiff alleged the following ten (10) causes of action arising from Plaintiff's employment with Defendants: (1) failure to provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198); (2) failure to provide rest periods (Lab. Code §§ 204, 223, 226.7, and 1198); (3) failure to pay hourly wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1197.1, and 1198); (4) failure to pay vacation wages (Lab. Code § 227.3); (5) failure to pay sick time (Lab. Code §§ 246 et seq.); (6) failure to indemnify (Lab. Code § 2802); (7) failure to provide accurate written wage statements (Lab. Code § 226(a); (8) failure to pay all final wages (Lab. Code §§ 201, 202, and 203); (9) failure to pay wages without discount (Lab. Code § 212); and (10) unfair competition (Bus. & Prof. Code §§ 17200 et seq.).

3. On May 24, 2021, Defendants timely removed this action to the United States District Court for the Northern District of California.

4. On June 18, 2021, Plaintiff filed a motion to remand this action back to the Superior Court for the State of California, County of Alameda. Defendants timely opposed. On August 16, 2021, the Court denied Plaintiff's motion to remand.

5. On August 19, 2021, the Court granted the Parties' Joint Stipulation for Leave to File a Second Amended Complaint.

6. On September 30, 2021, Defendants filed a motion to dismiss, or in the alternative,

---

[1] On May 11, 2022, the Court approved the Parties' Stipulation to Dismiss Plaintiff's Individual Claims against Southland Employment Services, Inc. with Prejudice and Class Claims against this Defendant without Prejudice.

to strike class allegations. Plaintiff timely opposed. On December 6, 2021, the Court granted Defendants' motion, and granting Plaintiff leave to file a third amended complaint, which was filed January 7, 2022.

7.  On February 18, 2022, Defendants filed a motion to dismiss, or in the alternative, to strike class allegations. Plaintiff timely opposed. On June 24, 2022, the Court granted Defendants' motion, and granting Plaintiff leave to file a fourth amended complaint, which was filed September 6, 2022.

8.  On September 30, 2022, Defendants filed a motion to dismiss, or in the alternative, to strike class allegations. Plaintiff timely opposed. On February 24, 2023, the Court granted in part and denied in part Defendants' motion. The Court ordered:

> To the extent the Elite Defendants seek dismissal of all claims asserted against Elite Staffing, Inc., the motion is granted. To the extent the Elite Defendants seek dismissal of the First through Sixth Causes of Action and the Eighth through Eleventh Causes of Action, the motion is granted, and said Causes of Action are dismissed with further leave to amend, with the exceptions of the Sixth and Tenth Causes of Action. To the extent the Elite Defendants seek an order striking the class allegations, the motion is granted as to the Seventh Cause of Action and is otherwise denied as moot. To the extent the Elite Defendants seek dismissal of the Seventh Cause of Action, the motion is denied. If Gomez wishes to file a Fifth Amended Complaint for purposes of amending the First, Second, Third, Fourth, Fifth, Eighth, Ninth, and Eleventh Causes of Action, and/or adding facts in support of his class allegations, he shall file such pleading no later than 21 days from the date of this order.

9.  The Court granted Plaintiff leave to file a Fifth Amended Complaint, pursuant to these limitations, which was filed March 17, 2023. Thereafter, the Parties stipulated to the filing of a Sixth Amended Complaint, which the Court granted and which Sixth Amended Complaint was filed on April 19, 2023. The Sixth Amended Complaint included only two causes of action, both premised on allegations that Defendant Elite Labor Services Weeklys, Ltd. failed to comply with the requirements of California Labor Code section 226.

10. On May 3, 2023, Defendant Elite Labor Services Weeklys, Ltd. filed a motion to dismiss, or in the alternative, to strike class allegations. Plaintiff timely opposed. On June 26,

2023, the Court granted in part and denied in part Defendant Elite Labor Services Weeklys, Ltd.'s motion. The Court ordered:

> To the extent Elite seeks dismissal of the 6AC in light of the settlement agreement, the motion is denied. To the extent Elite seeks an order striking the class action allegations offered by Gomez in support of the First Cause of Action, the motion is granted. To the extent Elite seeks an order dismissing the Second Cause of Action, the motion is granted. Elite is directed to file, no later than fourteen days from the date of this order, an answer to the First Cause of Action as asserted on behalf of Gomez. Pursuant to the Court's order of August 27, 2021, the parties are directed to meet and confer and thereafter submit, no later than fourteen days from the date of this order, a proposed pretrial schedule.

11. The Court's June 26, 2023 Order denied Plaintiff's request for further leave to amend.

12. On July 10, 2023, Defendant Elite Labor Services Weeklys, Ltd. filed its answer to Plaintiff's Sixth Amended Complaint.

13. Defendant Elite Labor Services Weeklys, Ltd. and Plaintiff wish to settle the portion of the cases relating to Plaintiff's individual claim against Defendant Elite Labor Services Weeklys, Ltd., the only claim that remains after the Court's June 26, 2023, Order, and desire to enter into this Stipulation to Judgment ("Stipulation").

14. The Parties hereby enter into this Stipulation for the purpose of resolving certain aspects of the lawsuit without the need for protracted litigation, and without the admission of any disputed questions of fact or law.

**WHEREFORE, IT IS HEREBY STIPULATED** in consideration of the covenants and promises contained herein by and between the Parties and through their respective counsel of record, and subject to the Court's approval, the Parties hereto agree as follows:

## JURISDICTION

15. The Parties agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

## SETTLEMENT OF CLAIMS AND LIABLITY ISSUES

16. The parties consent that a final judgment may be filed and entered by the Court upon the terms set forth in this Stipulation. This Stipulation and Judgment to which it relates are for settlement purposes only and do not constitute an admission by Defendant Elite Labor Services Weeklys, Ltd. in this or any other proceeding that California Labor Code section 226, or any other provision of law, has been violated.

17. In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties agree to entry of final judgment to resolve Plaintiff's First Cause of Action in his Sixth Amended Complaint, as asserted on behalf of Plaintiff individually. Accordingly, the Parties agree to the entry of the proposed judgment described in this Stipulation without trial or further adjudication of the issues addressed herein.

18. In the event Final Judgment is not entered pursuant to this Stipulation, this Stipulation shall be of no effect whatever and the making of this Stipulation shall be without prejudice to any party in this or any other proceeding.

**INTEGRATED AGREEMENT**

19. This Stipulation constitutes the entire agreement between the signing Parties on all matters of relief and liability, and no other statement, promise, or agreement, either written or oral, made by any of the Parties, or agents of any of the Parties, which is not contained in this written Stipulation, shall be enforceable regarding the matters specifically described herein.

**PROPOSED JUDGMENT**

Plaintiff commenced this action by filing his complaint and Defendant Elite Labor Services Weeklys, Ltd. consented to the entry of Judgment without trial or adjudication of any issue or fact or law raised in Plaintiff's operative Sixth Amended Complaint, and without the judgment constituting any evidence against or an admission by Defendant Elite Labor Services Weeklys, Ltd. with respect to any allegation of the operative Sixth Amended Complaint.

Now, therefore, before the taking of any testimony and without trial or adjudication of any issue of fact or law raised in Plaintiff's operative Sixth Amended Complaint, the parties hereto stipulate to entry of judgment on the following terms:

20. This Court has jurisdiction of the subject matter of this action and of each of the remaining parties to this action. The operative Sixth Amended Complaint states a claim for violation of California Labor Code section 226 as to Plaintiff individually upon which relief can be granted against the Defendant Elite Labor Services Weeklys, Ltd.

21. This final judgment applies to Defendant Elite Labor Services Weeklys, Ltd. and its successors and assigns.

22. Judgment is hereby entered in favor of Plaintiff, Fernando Gomez, and against Defendant Elite Labor Services Weeklys, Ltd., pursuant to California Labor Code section 226, and in accordance with the Stipulation of the parties, as follows:

    a. This judgment is a full, complete, and final disposition, judgment, and settlement of Plaintiff's First Cause of Action in his Sixth Amended Complaint, as asserted on behalf of Gomez individually.

    b. Defendant Elite Labor Services Weeklys, Ltd. will pay Plaintiff $1,050, in full satisfaction of Plaintiff's claim for damages and/or penalties for violation of California Labor Code section 226, as asserted on behalf of Gomez individually.

    c. Defendant Elite Labor Services Weeklys, Ltd. will pay Plaintiff $40,000 in full satisfaction of Plaintiff's claim for attorney's fees and costs incurred prosecuting his claim for violation of California Labor Code section 226, as asserted on behalf of Plaintiff individually.

    d. Defendant Elite Labor Services Weeklys, Ltd. will not be liable for, and will not be required to pay, any amount or amounts beyond those set forth in sub-paragraphs (b) and (c), above, with respect to Plaintiff's claim for violation of California Labor Code section 226 in his Sixth Amended Complaint, as asserted on behalf of Plaintiff individually. Nor shall Plaintiff be entitled to, or Defendant Elite Labor Services Weeklys, Ltd. required to provide, any other form of relief to satisfy his claim for violation of California Labor Code section 226 in his Sixth Amended Complaint, as asserted on behalf of Plaintiff individually

    e.   This judgment will not preclude either party from disputing or litigating any factual or legal issue between the parties in subsequent litigation between them, other than (i) Defendant Elite Labor Services Weeklys, Ltd.'s liability to Plaintiff for violation of California Labor Code section 226, as alleged in Plaintiff's First Cause of Action in his Sixth Amended Complaint, limited to Plaintiff individually, and (ii) the amounts due to Plaintiff, as set forth in sub-paragraph (b), above, and/or his attorneys, as set forth in sub-paragraph (c), above for violation of California Labor Code section 226, as alleged in Plaintiff's First Cause of Action in his Sixth Amended Complaint, limited to Plaintiff individually.  Except for the relief offered in this judgment, Plaintiff expressly agrees to bear his own costs and attorneys' fees. Nothing in this judgment shall be given preclusive effect in any subsequent litigation concerning any other issue of fact or law, as the factual and/or legal issues underlying a finding of liability were not actually litigated and determined. This Stipulation will also not be used to argue that Plaintiff has no injury or is not a typical or adequate representative for the section 226 claim. For the avoidance of doubt, Defendant Elite Labor Services Weeklys, Ltd.  expressly reserves the right to argue and prove in subsequent litigation that (i) it, and/or other entities under common control did, in fact, provide written wage statements to Plaintiff and other non-exempt employees in California in the manner required by law, (ii) those wage statements complied with all requirements of California Labor Code section 226, and other applicable laws.

**IT IS SO STIPULATED.**

Plaintiff and Counsel:

DATED: May 9, 2024

SETAREH LAW GROUP

By: /s/ ID ygFJXY7DNvWmPiPE1WZnKJRj
Shaun Setareh
Thomas Segal
Farrah Grant

Attorneys for Plaintiff
FERNANDO GOMEZ

DATED: 05/10, 2024

PLAINTIFF, FERNANDO GOMEZ

By: ID 56q1hGmjmiPX76L6oCsKk9UR
Fernando Gomez

**Defendant and Counsel:**

DATED: _____, 2024

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Evan R. Moses
Christopher W. Decker
Chloe S. Chang

Attorneys for Defendant
ELITE LABOR SERVICES WEEKLYS, LTD.

DATED: _____, 2024          SETAREH LAW GROUP

By: /s/ _____
  Shaun Setareh
  Thomas Segal
  Farrah Grant

Attorneys for Plaintiff
FERNANDO GOMEZ

DATED: _____, 2024          PLAINTIFF, FERNANDO GOMEZ

By: _____
  Fernando Gomez

**Defendant and Counsel:**

DATED: May 9, 2024          OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Christopher W. Decker
  Evan R. Moses
  Christopher W. Decker
  Chloe S. Chang

Attorneys for Defendant
ELITE LABOR SERVICES WEEKLYS, LTD.

DATED: May 9, 2024

By: _____

ELITE LABOR SERVICES WEEKLYS, LTD.
BY: Nicholas P. Cholis

ITS: Associate General Counsel

## eSignature Details

**Signer ID:** ygFJXY7DNvWmPjPE1WZnKJRj
Signed by: Shaun Setareh
Sent to email: shaun@setarehlaw.com
IP Address: 104.180.15.40
Signed at: May 9 2024, 12:24 pm PDT

**Signer ID:** 56q1hGmjmiPX76L6oCsKk9UR
Signed by: Fernando Araujo Gomez
Sent to email: nandogomes468@gmail.com
IP Address: 166.205.87.122
Signed at: May 10 2024, 11:03 am PDT